ELMIRA PAYSON *versus* DENNY M. HALL.

To the validity of a sale of real estate, made by a collector, for the non-payment of taxes, it is indispensable that he take the oath of his office before acting therein.

To maintain title under such a sale, it is not sufficient to show that the person making the sale had been chosen as collector and acted therein.

The oath of office taken by one as constable, who was chosen prior to the Revised Statutes, could give no validity to his sales of land, since the enactment of the Revised Statutes, for non-payment of taxes, unless the oath were either in the form prescribed in the Act of 1821, or in the Revised Statutes.

A certificate that one chosen as constable, made oath, prior to the Revised Statute, " to the true and faithful performance of his duties," in that office, is insufficient.

A tax sale is void, if the collector making the sale was also the purchaser, though acting in the purchase, as the agent of another person.

WRIT OF ENTRY to recover a lot of land with a house thereon, in Oldtown.

To prove title the demandant offered a deed to her from Lore Alford, in his capacity of collector ¿of taxes of the town of Oldtown, for the year 1841, dated May 6, 1842, duly acknowledged, and recorded November 26, 1842; also, the records of assessments and valuation of said town, for the year 1841, from which she read the certificate of Samuel Cony and Joshua Wood, as assessors of Oldtown, for the year 1841, dated May 7, 1841; also, as set against the name of Isaac Smith, for the year 1841, " house and lot occupied by him at Great-works." Under the head of valuation was set against said property $575, and in the column of State, county and town taxes for 1841, was set $11,50, and under the head of

deficiency of highway taxes for 1840, was set $1,26, and the signatures of said Cony and Wood, as assessors for 1841, at the foot of said record of valuation and assessments.

The demandant then offered the records of the said town of Oldtown, from which she read the record of the warrant, dated March 27, 1841, for town meeting and the return thereon; also the records of the meeting, held April 5th, 1841, in pursuance of said warrant, from which she read a vote choosing by ballot Samuel Cony, Joshua Wood and Samuel Pratt, selectmen; also a vote whereby it was voted to pass over the fourth article of the warrant, which was to choose assessors; also a vote whereby Lore Alford, was chosen constable for the year then ensuing; also a vote as follows: — "Voted to put the collection of taxes at auction to the lowest bidder, which was accordingly done, and bid off by Lore Alford, at five mills per cent.;" also a vote that Lore Alford be the collector of taxes for the ensuing year by giving bonds according to law.

To show that the abovenamed officers were duly sworn, the demandant offered and read the certificate of Charles Blanchard, as town clerk, dated April 7th, 1841, of the administering the oath to Samuel Cony and Samuel Pratt, as selectmen; also another certificate under the same date, by the said Blanchard, as clerk, of his having administered to said Cony and Pratt the oath of office as assessors; also, a certificate by said clerk, under date of April 9, 1841, of his having administered to Joshua Wood the oath of office as selectman; also, another certificate of the same date, by said clerk, that he had administered to said Wood the oath of office as assessor; also, the original certificate of John H. Hilliard, as justice of the peace, and record thereof as follows: —

"PENOBSCOT, ss. April 5th, 1841. — Then personally appeared Asa Smith, John B. Smith, Joshua Lunt, Jr., Lore Alford and Henry Morgan, and severally made oath to the true and faithful performance of their duties as constables of Oldtown. Before me,      J. H. Hilliard, justice of the peace."

"A true copy, attest,      Charles Blanchard, town clerk."

Also a vote, whereby Charles Blanchard was chosen clerk of said town for the year 1841, and the original certificate, dated April 5th, 1841, of his having taken the oath, necessary to qualify him to act as clerk of said town, before J. H. Hilliard, justice of the peace, and the record of the same.

The demandant also offered and read, from the same book of records, a warrant, dated April 11th, 1842, for a town meeting to be held on the 18th day of April, 1842; also from the records of the doings of the meeting, held on the said 18th day of April, the demandant read the vote whereby Charles Blanchard was chosen clerk of said town for the year then ensuing; also an original certificate of his having taken the oath as town clerk before Samuel Cony, justice of the peace, dated April 18th, 1842, and the record thereof; also a vote, whereby John Rigby was chosen treasurer, together with the record of his having taken the oath as treasurer before Charles Blanchard, town clerk, on the 18th of April, 1842.

The demandant then offered the tax bills for 1841, signed by Samuel Cony and Joshua Wood, as assessors of Oldtown, dated May 7, 1841, directed to Lore Alford, collector of taxes for the town of Oldtown for 1841, in which were the following property and tax thereon, set against the name of Isaac Smith, viz: — " house and lot occupied by him at Greatworks." Against said property, under the head of value, was $575,00, and under the head of estate and income, $11,50, and under the head of deficiency of highway tax in 1840, was $1,26; also the warrant under the signature of Samuel Cony and Joshua Wood as assessors of Oldtown for 1841, under date of June 7, 1841, directed to Lore Alford, collector of taxes of the town of Oldtown.

The demandant also offered and read from said book of records of valuation and assessments, signed by said Cony and Wood, assessors for 1841, the following : — " Total amount of valuation $256,039 ; tax on same, two cents on a dollar ; also the receipt of Lore Alford, as collector of Oldtown for 1841, acknowledging the receipt of said warrant and bills, under date

of June 12, 1841 ; also a paper, purporting to be a bond, signed by Lore Alford, as principal, and Eli Hoskins and others as sureties, dated 1841, given to the inhabitants of Oldtown for the faithful performance of his duties, as collector of taxes for said town, for the year 1841.

The demandant also offered an office copy of a deed dated November 1, 1833, from Jonathan N. Conant to Isaac Smith, duly acknowledged, and recorded March 11, 1834; also an óffice copy of a deed, dated Nov. 14, 1833, duly acknowledged, and recorded March 11, 1834, from Rufus Dwinel and others to Isaac Smith, of the premises in controversy.

To show that the premises were duly advertised for sale, the demandant offered copies of the Portland Advertiser, dated 28th of December, 1841, and the 4th and 11th of January, 1842, and copies of the Democrat, printed in Bangor, dated the 21st and 28th of December, 1841, and 4th of January, 1842; also a resolve of the State, passed in the sessión of 1841, making the Portland Advertiser, the State paper ; also, the affidavit of Gilbert G. Bradbury, dated June 3, 1842, before J. H. Hilliard, a justice of the peace, made on one of the original advertisements, and recorded in the Penobscot registry July 23, 1842.

The demandant then offered the record and return of Lore Alford, as collector of taxes of said town of Oldtown, for the year 1841, to John Rigby, treasurer of Oldtown, for 1842, dated June 1st, 1842, of his doings in the sale of real estate in said town, as collector, with a certificate thereon signed by said Rigby, as treasurer of Oldtown. It is admitted that said return was made to the treasurer, within thirty days after the sale of said real estate. The demandant also introduced the record of the same, as recorded in the treasurer's book of records of said town.

The demandant then introduced Lore Alford, who testified that he acted as collector of taxes in Oldtown, for the year 1841 ; that when he sold, he waited two hours after the hour appointed, on each of the days he sold, before selling; that he adjourned from the 4th to the 5th, and from the 5th to the

6th, for want of purchasers; that Isaac Smith and family, occupied the premises demanded, from 1838 or 1839, until the same were bought by Hall, the tenant, who now occupies the same; that when he sold and had a bid for the whole, he invariably inquired if any one would pay the tax and charges for a less quantity than the whole of the land; that the tax bills and warrant, offered as above, were put into his hands by the assessors; that the book offered as the records of Oldtown, was the records of that town, and that the book offered, as above, as the record of the valuation and assessments of Oldtown, was kept in the office where the selectmen and assessors transacted their business in the year 1841; that he had frequent occasion to examine it, and always found it there; that he would not be certain that they went into that office before the first of June; that prior to that time, they might have had another office.

On cross-examination the witness testified, that the demandant was sister to his wife; that she was not at the sale; that he struck off the premises to her at her request; that he bid off for her all that appears by his return to have been so bid off; that the demandant furnished the money in advance, and that she purchased with his advice; and thinks she furnished the money on the first day of the sale. He further testified, that the demandant gave him general authority to bid off for her such lots as he should see fit, and this lot was so bid off; that some particular lots were spoken of, but he did not know that this was one of them.

*J. Hilliard,* for plaintiff, among other views, contended, 1st. that the collector was duly qualified to act. He was duly chosen, gave bond and was duly sworn. The oath which he took as constable was sufficient. The form prescribed is but directory, not essential. The language of the certificate is a substantial compliance with the law. R. S. chap. 1, sect. 3, rule 21. The oath of constable embraces that of collector. Statute of 1821, chap. 116, § 25; *Colman* v. *Anderson,* 10 Mass. 105.

2. He was collector *de facto;* a purchaser at his sale need

establish nothing more.  *Nason* v. *Dillingham*, 15 Mass. 17 ; *Bucknam* v. *Ruggles*, *ib.* 180; *Doty* v. *Gorham*, 5 Pick. 487 ; Statute, 1831, chap. 501, sect. 2.

*Cutting*, for defendant.

" It has been held with great propriety, that to make out a valid title, under tax sales, great strictness is to be required, and it must appear that the provisions of law preparatory to, and authorizing such sales, have been *punctiliously* complied with." *Brown* v. *Veazie*, 25 Maine, 362.

Alford was *not* a collector, for the case no where finds, that he was sworn as a collector by taking the oath or any oath prescribed by statute.

Neither was he a collector *ex officio*, in consequence of being chosen constable; for the statute of 1821, chap. 116, sect. 23 provides, " if such collector or collectors so to be chosen shall refuse to serve, or if no collector shall be chosen, *then* the constable or constables of such town shall collect and gather such rates and taxes."

On one of two contingencies only, could a constable serve as collector.   1st. The collector chosen must have refused to serve, or 2d. when no collector had been chosen ;   neither of which has happened.

This constableship is an after thought, brought into the case, to bolster up a defective title, so that this same constable or his sister, may obtain property for $15, worth as many hundreds.

But Alford was not even so much as a constable; he was never qualified as such by taking the requisite oath.

The sale was illegal and void, because the collector could not, at the sale, be the seller and also the purchaser.   " The respective duties of buyer and seller are incompatible with each other."   *Pierce* v. *Benjamin*, 14 Pick. 359.

Alford himself, " further testified that demandant gave him general authority to bid off for her such lots as he should see fit, and this lot was so bid off."

If a collector cannot purchase for himself, neither can he for another.   That a collector should be an agent for another, and that other a sister, bears fraud on its face.

SHEPLEY, C. J. — By this writ of entry the demandant claims to recover a dwellinghouse and lot situated in the town of Oldtown.

In proof of her title she produced a deed from Lore Alford, made by him in his capacity of collector of taxes for that town, for the year 1841, and purporting to convey the premises to her. The taxes for that year, having been assessed, before the Revised Statutes were in force, were to be collected according to the provisions of former statutes. It was provided by the act of March 12, 1831, that it should be sufficient for a party claiming under such a title, to produce in evidence the collector's deed duly executed and recorded; the assessment signed by the assessors, and their warrants directed to the collector; and to prove, that such collector complied with the requisitions of law in advertising and selling such real estate. Although this statute was repealed, it was continued in force by the Revised Statutes for the collection of such taxes. *Shimmin* v. *Inman,* 26 Maine, 228. The assessment and warrant were produced, signed by the assessors.

In defence, objection is made, that Alford was not legally qualified to act as collector. There is no evidence that he was sworn as a collector. Two answers are made by the counsel for the demandant to this objection. The first is, that it is sufficient that he was acting as collector. The second is, that he was chosen and sworn as a constable, and that his oath as such included the oath of a collector.

With reference to the first answer it may be observed, that when constables or sheriffs perform acts by virtue of judicial precepts, it is usually sufficient to show, that they were officers *de facto,* without producing proof, that they were legally qualified to do so. A person injured by such acts has a remedy by action against the officer, and his rights are secured by a final resort to the official bond. But one injured by the misconduct of a collector of taxes cannot be protected by a resort to his official bond for redress, that having been made for the security of the town alone. He must be permitted to avoid the acts of one assuming without lawful authority to be a col-

lector, or be in many cases without remedy. If a person without election and legal qualification could act as a collector of taxes and as such make sale of an estate, and the production of a deed made by him in that capacity were to be considered as effectual without proof of his election and qualification, there would be no effectual security for the faithful discharge of his duties. Such was not the intention of the Legislature. The party is required to produce the collector's deed, not the deed of a person assuming without right to act in that capacity. The tax payer is entitled to have his interests protected in the sale of his property by the obligations imposed by the official oath.

With reference to the second answer made to the objection, it may be observed, that the collector does not appear to have been legally sworn as a constable. The oath which was administered to him and other constables, is presented by a copy of the certificate made by the *justice*. It states, that they "severally made oath to the true and faithful performance of their duties as constables of Oldtown." It neither states, that the oath prescribed by the statute of 1821, c. 116, $ 25, was administered, nor that they were "duly sworn," or were "sworn according to law," which have been considered as sufficient evidence, that the oath prescribed by the statute had been administered. R. S. c. 1, $ 2, art. 21. There is nothing indicative, that the certificate of the justice does not present the oath, and the only oath administered to them.

The demandant is also required to prove, that the collector complied with the requisitions of the law in advertising and selling the estate. The collector is required to sell to the best bidder. c. 116, $ 30. A collector cannot faithfully and legally perform his duties, who is both seller and purchaser. *Pierce* v. *Benjamin*, 14 Pick. 356. In this case the collector was not the purchaser, but he acted as the bidder and purchaser for the demandant, who was not present when he made the sale. An auctioneer is by the law regarded as the agent of both seller and purchaser. A collector of taxes cannot consistently with a faithful and legal discharge of his official duties become

the agent of a purchaser, whose interest it is to acquire the whole estate or as much of it as possible, by payment of the taxes and costs, and whose agent, to be faithful, must have the same interests, while a faithful discharge of official duty would require him to sell as little as possible of the estate, to obtain such payment. His official duties and those of his private agency would come into direct conflict. The performance of one duty is inconsistent with the faithful performance of the other. A sale made under the circumstances presented in this case cannot be considered as made by a collector of taxes in compliance with the requisitions of the law.

*Demandant nonsuit.*