## JOHN KNIGHT *versus* NELSON HERRIN.

Where personal property has been attached on a writ and appraised under
§ 47, c. 81, of R. S., a sale thereof by the officer, before four days from the
appraisement, is unauthorized, and he, thereby, becomes a trespasser *ab
initio.*

*Before* appraisal, he holds the property by *attachment* on a writ; *after*, it is
liable to *seizure* as on execution, and is to be sold in the same manner as if
so seized.

The law will not justify the officer in acting as the agent of the attaching
creditor, in bidding off the property for him, at a sale by auction.

In an action of trespass against an officer, where he fails to justify the taking
and conversion of property attached on a writ, in the absence of proof that
judgment has been rendered in that suit, or the property has been applied
to the payment of the claim sued, he shows no cause for reduction of dam-
ages.

REPORTED by CUTTING, J.

This was an action of TRESPASS for the taking and conver-
sion of a horse. The defendant justified the taking and sale
of the horse as sheriff of the county, having attached the
same on a writ against the plaintiff.

The action was submitted to the decision of the presiding
Judge, with the right to except.

The plaintiff offered evidence tending to prove that the
horse was owned by himself and his son in equal proportions;

also the value of the horse, and the defendant's sale of the same by public auction.

*In defence,* the official character of the defendant was proved; and the writ, on which the horse was attached, was introduced, with the officer's return thereon, including the proceedings in the appraisement and sale of the property. It also appeared in evidence, that the officer bid off the horse for the creditor in the action against *Knight,* the creditor having, by letter, requested the officer to bid for him.

Upon the evidence, CUTTING, J., ruled that, it appearing from the officer's return on the writ, that he sold the horse before the expiration of the four days from the time of appraisement, the sale was unauthorized by the statute, and the defendant thereby became a trespasser *ab initio; that* the plaintiff was entitled to recover as damages thirty-five dollars, that sum being the one half of the value of the horse, and for its detention.

The parties thereupon requested the Judge to report the case for the determination of the whole Court.

The case, as reported, was argued by

*Granger,* for the plaintiff, and by

*Blake & Garnsey,* for the defendant.

The opinion of the Court was drawn up by

CUTTING, J. — The plaintiff, having shown that at the time of the attachment he was the owner of the property in controversy, jointly with his son, is entitled to damages for a conversion of his interest, unless the defendant, as an officer, has established a legal justification. This he attempts to do by his official return upon the writ, wherein it appears that thereon he attached the property on December 15, 1858, caused it to be examined and appraised under c. 81, § 47, on the twenty-first day of the same month, and in two days afterwards, having given due notice of the sale, sold the same at public auction; he being the purchaser as the agent of one

of the attaching creditors. The Judge at *Nisi Prius*, to whom the action was referred, ruled that the defence failed.

From the foregoing facts, two questions of law are presented :— *First*, was the sale premature ? *Second*, could the officer act as the lawful agent of the creditor in purchasing the property ?

The answer to the first depends upon the construction of the following sections of c. 81, before cited.

Section 46. " When personal property is attached, if the creditor and debtor consent, the officer may sell it before judgment, *observing the directions for selling on execution*," &c.

Sect. 47. " When living animals, or goods liable to perish or waste, or be greatly reduced in value by keeping, or which cannot be kept without great expense, are attached, and the parties do not consent to a sale thereof, as before provided, the property so attached, at the request of either of the parties interested therein, may be examined and appraised," &c.

Sec. 50. " And it shall thereupon be sold by the officer, and the proceeds held and disposed of *as before provided, in case of a sale by consent of parties*, unless it is taken by the debtor, as is provided in the following section."

Sect. 51. " The property shall be delivered to the debtor, after it is thus appraised, if he requires it, on his depositing with the attaching officer the appraised value thereof in money, or giving bond to him, with two sufficient sureties, with condition to pay him the appraised value of the property," &c.

In order to ascertain the duties of the officer in " *observing the directions for selling on execution*," see c. 84.

Sect. 3. " Goods and chattels, legally taken on execution, shall be safely kept by the officer at the expense of the debtor, for the space of four days, at least, next after the day on which they were taken, exclusive of Sunday ; and they shall be sold within fourteen days next after the day of *seizure*, except as hereinafter provided, unless, before the time of sale, the debtor redeems them by otherwise satisfying the execution."

Sect. 4. " The officer shall post up public notice of the time

and place of sale, at least forty-eight hours before the time of sale, in two or more public places in the town or place of sale."

The foregoing is a collocation of the several sections bearing upon the question now under consideration. The debtor had some time after the appraisal, under § 51, to procure either the money or the bond. He contends that it was at least four days; whereas the defendant sold within two days, or so soon as he had given the forty-eight hours previous notice.

*Now*, what are the duties to be performed by the officer in observing the directions for selling on execution? Or what constitutes the essential elements of a statute sale so as to divest the debtor of his property or damages therefor, as against the officer? We answer, first, *a seizure*,—second, *a detention* of not less than four or more than fourteen days, and third, forty-eight hours *previous notice*. The two first are exclusively for the benefit of the debtor, that he may know when his time of redemption commences, and, consequently, when it will expire; the third, or previous notice of the time and place of sale, is more particularly advantageous to the creditor, in order to procure bidders at the sale and a greater competition, especially, if his only aim be to collect his debt at the least sacrifice to his debtor.

In the present case, it is true, the property was in the custody of the officer for more than four days previous to the sale, but not by virtue of a *seizure*, but by force of an *attachment* on *mesne* process. The officer had no authority to *seize*, as on execution, until after the appraisal, nor even then, unless the appraisers had been of opinion that " the property is liable to perish, wasted or greatly reduced in value by keeping, or kept at a great expense." Consequently, inasmuch as the defendant has not complied with the statute requirement, in keeping the property four days at least after an authorized seizure, he has transcended his power and become a trespasser.

The second point raised is equally fatal to the defence.

The officer, in bidding off the property, could not lawfully act as the agent of the creditor; under such circumstances, the law permits no such relationship; the officer should be disinterested and impartial, whereas an agency for one of the parties implies an interest adverse to the other. *Payson* v. *Hall,* 30 Maine, 319; *Pierce* v. *Benjamin,* 14 Pick., 356.

It not appearing that judgment has been rendered in the original suit on which the property was attached, and *non constat* ever will be, and the proceeds of the sale applied in discharge of the execution, in whole or in part, the defendant is not in a situation to claim a reduction of damages. *Ross* v. *Philbrick,* 39 Maine, 28.

> *Judgment for the plaintiff for thirty-five dollars,*
> *and additional damages equal to interest from*
> *the time of trial, as agreed by the parties.*

TENNEY, C. J., RICE, APPLETON, and MAY, JJ., concurred.