THE NEW ENGLAND MORTGAGE SECURITY COMPANY v. THOMAS SMITH, *et al.*

SETTING ASIDE SHERIFF'S SALE, *Erroneous.* Where the decree in an action of foreclosure of a real-estate mortgage bars all of the defendant's interests after the sale, and a motion is made under § 458 of the code to confirm the sale made under the decree, and it appears from examination of the sale that the proceedings of the officer in all respects have been in conformity with the judgment and the provisions of the statute, and no showing of any extrinsic circumstances of equity is presented to the court, the judgment debtor has no right to redeem, and the motion to confirm the sale should be allowed.

*Error from Labette District Court.*

ACTION brought by the *New England Mortgage Security Company* against *Smith* and three others, upon a note and mortgage. Judgment for the plaintiff, at the November Term, 1879, of the district court. At the November Term, 1880, the court made an order setting aside a sale made by the sheriff, and permitting the defendants, upon certain conditions, to redeem. The *Company* brings the case here. The opinion states the facts.

*F. A. Bettis,* for plaintiff in error.

*N. M. Purviance,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This is a proceeding to review an order of the district court for Labette county, setting. aside a sale made by the sheriff of that county, and permitting defendants to redeem upon payment of the amount of the judgment, interest and costs.

The facts disclosed by the record are: That on November 21st, 1879, judgment was entered in the court below against the defendant, Thomas Smith, and in favor of the plaintiff, for the sum of $769.31, with interest at the rate of ten per cent. per annum, and costs taxed at $24; it was further decreed that the mortgage described in the petition be foreclosed, and in default of payment an order issue for the sale of the property embraced in the mortgage, without appraisement; the decree also contained the provision, that from and after the sale, the defendants and all persons claiming by, through or under them or either of them, should be forever barred and foreclosed of all right, title or interest in and to the premises sold, or any part thereof. An order of sale was issued May 24th, 1880; the sale of the real estate was made thereunder on June 30th, 1880, to the plaintiff, for the sum of $820; the order of sale was filed July 9th, 1880, with the sheriff's return thereon. On November 8th, 1880, defendants filed a motion to set aside the sale, alleging various irregularities, and offering ,to redeem from such sale. On November 12th, 1880, plaintiff filed a motion to confirm the sale, and attached thereto an affidavit to the effect that the plaintiff, after the purchase at the sheriff's sale, entered into a written contract with one R. W. Simpson to sell him the land so purchased by plaintiff, and then received a part payment therefor. The motions were heard together on November 18th, 1880; the court overruled the motion to confirm the sale, and ordered the sale set aside, upon payment to the clerk of the court, for the benefit of the plaintiff, of the full amount of plaintiff's judgment, interest and costs.

An examination of the proceedings shows that the sale was

had in all respects in conformity with the order of the court and the provision of the statutes; and as no showing of extrinsic circumstances of equity was presented to the court, therefore the real question for our determination is, did the court have the discretion to permit the defendants to redeem? Under the circumstances of the case, we think it did not. Under the old practice in chancery, a sale was not completed until confirmed by the court, and the purchaser was not considered as entitled to the benefit of his contract till the master's report of the purchaser's bidding was absolutely confirmed. Our practice is otherwise. The proceedings after judgment are regulated by the statute; the confirmation is founded upon the statute, and the whole duty of the court on motion therefor, save in exceptional cases, (*Dewey v. Linscott*, 20 Kas. 684,) is to ascertain whether the proceedings of the officer have been in conformity with the judgment and statute. If such proceedings are in all respects regular and no extrinsic circumstances are presented, it is the duty of the court to confirm the sale. The court has no right at its mere discretion to release the purchaser, or permit a tender after sale. (Code, § 458; *Koehler v. Ball*, 2 Kas. 160; *Challiss v. Wise*, 2 Kas. 193; *White-Crow v. White-Wing*, 3 Kas. 276; *Moore v. Pye*, 10 Kas. 246.)

As the district court set aside the sheriff's sale and permitted a redemption, against the objection of the plaintiff, without any sufficient reason therefor, the order and judgment will be reversed, and the case remanded with direction to the court below to overrule the motion to set aside and redeem, and thereafter to confirm the sheriff's sale.

All the Justices concurring.