THE KEENE FIVE-CENT SAVINGS BANK v. JAMES
MARSH, *et al.*

1. SHERIFF's SALE; *Due Public Notice; Special Notice, Not Required.* At
the instance of the plaintiff, who held a judgment for the sum of $1,198,
with interest and costs, rendered on a note and mortgage against the de-
fendant, an execution was issued and placed in the hands of the sheriff
of the county for service; but before the execution was issued, the
sheriff, at the request of the attorney for the plaintiff, agreed to give
special notice to the attorney for the plaintiff of the time fixed by the
sheriff for the sale of the property, so that the attorney might appear
at the sale and bid on the property if he desired, the attorney intending
that the property should not be sold for less than the amount of the
judgment. The sheriff, after receiving the execution, gave due notice
of the sale as required by law, but did not give any special notice to the
attorney for the plaintiff. The property was worth from $800 to $1,000,
and at the time of the sale it was sold to two *bona fide* purchasers, for
$465, they being the highest bidders for the property, and were also
*bona fide* purchasers, having no connection with the suit and being entire
strangers to all the prior proceedings. The plaintiff's attorney, who re-
sided in another county, had no knowledge of the sale until after it
occurred, and no person representing the plaintiff was present at the
sale. Afterward the plaintiff moved the court to set aside the sale upon
the grounds: (1) The inadequacy of the price for which the property
was sold; and (2) the failure of the sheriff to give the special notice to
the attorney for the plaintiff of the time fixed by the sheriff for the sale
of the property. And at the same time he offered to bid on the property,
if the sale were set aside and another sale ordered, the sum of $1,200.
The purchasers moved the court to confirm the sale. The defendant
did not make any motion, nor did he make any appearance in the case.
The court overruled the motion to set aside the sale, and, on the pur-
chasers' motion, confirmed the sale. *Held,* Not error.

2. ———— It was the duty of the plaintiff to know when the sale occurred,
and it was no part of the official duties of the sheriff to give special
notice to the attorney for the plaintiff.

*Error from Sumner District Court.*

THE opinion contains a sufficient statement of the case.
The plaintiff *Bank* brings here for review certain orders
made at the October Term, 1882, of the district court.

*H. G. Ruggles*, for plaintiff in error.

*James Lawrence*, for defendants in error Stewart and Trout.

The opinion of the court was delivered by

VALENTINE, J.: On October 26, 1881, a judgment on a note and mortgage was rendered in the district court of Sumner county, Kansas, in favor of the Keene Five-Cent Savings Bank and against James Marsh and Catherine L. Marsh, for the sum of $1,198, with interest and costs, but a stay of execution was ordered on such judgment for the period of six months. Just prior to the termination of the stay of execution, the attorney for the Keene Five-Cent Savings Bank filed a written precipe with the clerk of the district court, ordering him to issue an execution on such judgment; and immediately after the time when such stay of execution had elapsed, the attorney gave verbal orders to the clerk to issue such execution. Immediately afterward the attorney saw the sheriff of the county and told the sheriff that an execution would soon be issued on such judgment, and requested the sheriff to give him, the attorney, notice of the time fixed by the sheriff for the sale of the property, and the sheriff promised that he would do so. The attorney made this request of the sheriff and obtained this promise, for the reason that he, the attorney, did not reside in Sumner county, but resided at Wichita, in Sedgwick county. Immediately afterward, and on May 6, 1882, the execution was issued by the clerk and received by the sheriff, and the sale of the property was fixed by the sheriff for June 12, 1882. The sheriff gave due notice of the sale as required by law, but never gave any special notice to the attorney of the Keene Five-Cent Savings Bank. On June 12, 1882, the property, which was real estate, was duly offered for sale by the sheriff, and several bids were made therefor by different persons, and it was finally struck off and sold to John T. Stewart and John L. Trout for $465; they being the highest bidders for the property.

They were also *bona fide* purchasers, and strangers to all the prior proceedings. The property was in fact worth from $800 to $1,000. No person representing the Keene Five-Cent Savings Bank was present at the sale.

It was the intention of the attorney, if he had received notice from the sheriff of the time fixed for the sale, to be present at the sale and to bid on the property up to the amount of the judgment rendered in favor of the Keene Five-Cent Savings Bank; but he received no such notice, and had no knowledge of the time fixed for the sale until some time after the sale occurred. The defendants, James Marsh and Catherine L. Marsh, are insolvent. Afterward the sheriff made return of his proceedings under the execution, and soon thereafter the purchasers moved the court for a confirmation of the sheriff's sale; and the plaintiff, the Keene Five-Cent Savings Bank, moved the court to set aside the sale, and at the same time offered to bid on said property, if the sale were set aside and another sale ordered, the sum of $1,200. The defendants did not make any motions, nor indeed did they make any appearance in the case. The court overruled the motion to set aside the sale and sustained the motion to confirm the sale, and the sheriff was ordered to make a deed for the property to the purchasers. Of these orders the plaintiff now complains, and asks for a reversal thereof. The only grounds upon which a reversal is asked, are: (1) The inadequacy of the price for which the property was sold; and (2) the failure of the sheriff to give the special notice of the time fixed for the sale to the attorney of the plaintiff.

Now inadequacy of price is seldom, if ever, a sufficient ground of itself to authorize the setting aside of a sheriff's sale. (Freeman on Executions, § 309, and cases there cited; Herman on Executions, § 252, and cases there cited.)

Generally, where inadequacy of price is taken into consideration for the purpose of setting aside a sheriff's sale, there must also be something else taken into consideration for such purpose. The price itself must be so grossly inad-

equate as to show fraud or unfairness in the sale; or fraud, or unfairness, or some irregularity, must be expressly shown; or if it appear that the property was sold at an inadequate price because of the absence of the party moving to set aside the sale, then it must also be shown that such party's absence was without fault on his part. He cannot neglect to attend the sale without a sufficient reason therefor, and then ask that the sale be set aside because of his absence and because the property for that reason was sold at an inadequate price. He must exercise all reasonable diligence himself to make the property bring a fair and reasonable price, or he will be remediless. Now the price in the present case is not so grossly inadequate as to show fraud or unfairness, and the property was in fact sold to *bona fide* purchasers, who had no connection with the suit, and who were entire strangers to all the prior proceedings. And we do not think that the plaintiff's absence from the sale is so entirely excusable as to authorize the plaintiff to deprive these *bona fide* purchasers of the fruits of their purchase. The plaintiff, by having the execution issued, and the property levied upon, and the sale advertised, invited all persons to come to the sale and bid upon the property; and the purchasers in this case, in response to this invitation, went to the sale in good faith and bid upon the property, and they being the highest bidders, the property was struck off to them: and now are they to be deprived of the fruits of their purchase for no other reason than that the plaintiff, for some insufficient reason, was not present at the sale to bid on the property and thereby make the property sell for a greater price?

The rights of purchasers should not depend upon some secret and unknown vice founded upon the fault or negligence of the plaintiff, who is the moving party in all such cases, and the master of the situation. When a plaintiff has an execution issued and the property advertised and sold under the same, such plaintiff ought to know when the sale takes place and be there to protect his own rights. A plain-

tiff should not rely upon the sheriff's giving special notice to him, a notice different from that given to all other persons. It is no part of the official duty of the sheriff to give special notice to the plaintiff, or to anyone else. The sheriff in the present case performed his whole official duty with respect to giving notice of the sale, and the plaintiff as well as others should have taken notice from the general notice given by the sheriff of the time of the sale. The plaintiff cites the case of *Dewey v. Linscott*, 20 Kas. 684, but that case we think is not applicable. In that case the property was worth about $800, and it was sold for only $50; and the plaintiff in that case was not absent from the sale on account of any want of knowledge or any fault on his part, but he, or rather his agent, was *prevented* from attending the sale by *judicial process*. And both parties in that case moved the court to set aside the sale. And a defendant's motion to set aside a sale is generally entitled to more consideration than a plaintiff's, for the sale is generally made against the defendant's wishes and against his consent, while the sale is usually made at the instance of the plaintiff and under his directions, and he, above all others, ought to know when the sale takes place.

The following cases we think come nearer applying to this case than the one above cited: *Moore v. Pye*, 10 Kas. 246; *N. E. M. S. Co. v. Smith*, 25 id. 622, 624; *Collins v. Ritchie*, ante, p. 371.

All these cases have reference to the purchaser's rights; and they are strong cases, for the reason that the decision of the district court in each case setting aside the sheriff's sale was reversed by the supreme court.

The first case, that of *Moore v. Pye*, also has reference to the want of any right on the part of the plaintiff to rely upon promises made by the sheriff outside of his official duties. And upon this same subject, also see *Knight v. Herrin*, 48 Me. 533, 537, and cases there cited.

The second case, that of *N. E. M. S. Co. v. Smith*, also de-

cides that proceedings after judgment are regulated in this state by statute; and that a sheriff's sale should generally be confirmed whenever the proceedings are regular; and that "the court has no right at its discretion to release the purchaser or permit a tender after sale."

The judgment of the court below will be affirmed.

All the Justices concurring.