WILLIAM McGEORGE, *et al.*, v. GEORGE W. SEASE, *et al.* | 32  387 |
                                                          | 41  331 |

SHERIFF'S SALE—*Facts Not Authorizing Sale to be Set Aside.* Where a
judgment is rendered against the defendant on a promissory note and a
real-estate mortgage, and is so rendered in his absence and without his
knowledge, in pursuance of a service of summons made by the sheriff
who left a duly-certified copy thereof with his wife at his usual place
of residence; and the property is ordered to be sold; and at the time when
the judgment is rendered the land is worth but little more than the
judgment; and afterward the defendant returns home and has notice of
the judgment; and afterward an order of sale is issued; and prior to the
sale the defendant does not pay or tender the amount of the judgment
or any part thereof, and does not attend the sale or attempt to make the
property sell for what it is worth; and the property is sold to a person
who is not an entire stranger to all the proceedings in the case, but is
not a party to the suit and has no interest in the judgment, and it is sold
to him for a sum much less than the amount of the judgment and much
less than the value of the property; and afterward the plaintiff moves the
court to have the sale confirmed; and the defendant then tenders the
amount of the judgment and moves the court that the sale be set aside;
and the plaintiff and purchaser then jointly move the court to permit the
purchaser to increase his bid up to the amount of the judgment, and to per-
mit that amount to be credited on the judgment; and at that time the
land is worth nearly twice the amount of the judgment: *Held,* That the
motions of the plaintiff and purchaser should be sustained, and the
motion of the defendant should be overruled; that neither the manner
of service of summons, nor the want of the defendant's actual knowl-
edge of the rendition of the judgment, nor the fact that the purchaser
was not an entire stranger to all the proceedings in the case, nor the fact
that the property was sold for much less than its value, nor the fact that
the property at the time of the confirmation of the sale was worth much
more than the amount of the judgment, nor all together, will authorize
the sale to be set aside.

*Error from Sumner District Court.*

ACTION by *McGeorge* against *Sease* and wife, upon certain
promissory notes and a real-estate mortgage. Judgment for
the plaintiff, February 16, 1883. An order of sale was issued
in accordance with the judgment, and on October 1, 1883, the
sheriff sold the mortgaged real estate at public auction to *J.
B. Watkins* for $300. April 21, 1884, (at which time the
land was worth from $1,500 to $1,600,) the court overruled

plaintiff's motion to confirm the sale, and also overruled the motion to allow an increase of the purchaser's bid, and sustained the motion to set aside the sale; to which rulings the plaintiff and the purchaser excepted, and have brought the case to this court.    The material facts are stated in the opinion.

*W. J. Patterson*, for plaintiffs in error.

*Guthrie & Morse*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: February 16, 1883, William McGeorge, as plaintiff, recovered judgment against the defendants, George W. Sease and Sarilda Sease, husband and wife, upon certain promissory notes and a real-estate mortgage. The judgment was for the sum of $765.12, with interest and costs, and for the sale of the mortgaged property without appraisement and after six months' stay of execution. At that time the property was considered as worth but little more than the judgment. On August 23, 1883, an order of sale was issued in pursuance of said judgment, and after due notice, and on October 1, 1883, the sheriff sold the property at public auction to J. B. Watkins, for the sum of $300. All the proceedings were regular, and there seems to be no room for any complaint, except that the property was not sold for anywhere near its full value; and to aggregate the discrepancy between the sale price and the real value, the property has been increasing in value ever since. On December 3, 1883, the plaintiff moved the court to confirm the sale, and on the next day the defendants moved the court to set aside the sale, upon the grounds —

"First, that the defendant George W. Sease never had had his day in court; and, second, that since judgment, in order to compromise, he had made to this plaintiff tender of the money and amount due thereon, and is at this time ready and willing to pay the same."

April 21, 1884, the plaintiff, McGeorge, and the purchaser, Watkins, jointly moved the court to permit Watkins to increase his bid on the property to $863.61, the amount due on the

judgment at that time, and to permit that sum to be credited on the judgment. On the same day, all these motions came on for hearing before the court; and on the hearing it appeared that this action was commenced by McGeorge against Sease and wife on December 13, 1882; that actual service of summons was made on the wife; that the summons was not actually served on Sease, but was left with his wife at his usual place of residence — he at the time being absent from home, in the Indian territory, and not receiving, as he states, any actual notice of the pendency of the suit "until after judgment and order of sale was taken." After that time, and before the sale, he had such notice; but whether he was present at the sale, or not, does not appear, but probably he was not; and he made no effort to make the property sell for what it was worth, and he did not pay or tender the amount of the judgment, or any part thereof.

As before stated, the suit was commenced on December 13, 1882; the judgment was rendered and the order of sale made on February 16, 1883; the property was sold on October 1, 1883. Sease was at home at that time, but probably not at the sale; and he made no tender of any amount in court, or to any officer of the court, or to either the plaintiff or Watkins, until long after the sale. It also appeared on the hearing that the note and mortgage on which the judgment was rendered were given for money loaned by McGeorge to the defendants, through the firm of J. B. Watkins & Co., of which firm J. B. Watkins was a member; that the firm received a commission for making the loan; that such firm had no further interest therein; that afterward, when default was made in the payment of the notes and mortgage, they were sent by McGeorge to said firm for collection; that this suit was instituted in pursuance thereof; and it does not appear that either Watkins or his firm had any other interest in the notes and mortgage, or in the suit. It also appeared at the hearing that the defendants had deposited in court a sum of money sufficient to satisfy the judgment with interest and costs; but just when they deposited such money is not shown. At that time the land was worth

from $1,500 to $1,600. The court overruled the motion to confirm the sale, and also overruled the motion to allow an increase of the purchaser's bid, and sustained the motion to set aside the sale; to all of which the plaintiff, McGeorge, and the purchaser, Watkins, excepted, and they now bring the case to this court and ask that the rulings of the court below upon these motions be reversed.

In this court, the defendants seem almost wholly to abandon the grounds upon which they made their motion to set aside the sheriff's sale, and to rely almost wholly upon the ground that the property was sold at a grossly inadequate price.

Should the sale be set aside? Certainly not, upon the grounds set forth in the defendants' motion for that purpose. And should it be set aside on some other ground, not urged or presented in the district court?. The defendant Sease *did have* his day in court; for he was regularly served with summons by the sheriff who left a duly-certified copy thereof at his usual place of residence; and he made no tender of the amount of the judgment, or of any part thereof, until long after the property had been sold; and a tender made after the sale is not sufficient. A tender made after sale would in its nature be an attempt to redeem the property from the sale, which cannot be allowed under the statutes of Kansas. (*N. E. M. S. Co. v. Smith*, 25 Kas. 622, 624.)

It is also seldom, if ever, that a court will set aside a sheriff's sale for mere inadequacy of price. (*Savings Bank v. Marsh*, 31 Kas. 773.) In that case, it is said:

" Generally, where inadequacy of price is taken into consideration for the purpose of setting aside a sheriff's sale, there must also be something else taken into consideration for such purpose. The price itself must be so grossly inadequate as to show fraud or unfairness in the sale; or fraud, or unfairness, or some irregularity, must be expressly shown; or if it appear that the property was sold at an inadequate price because of the absence of the party moving to set aside the sale, then it must also be shown that such party's absence was without fault on his part. He cannot neglect to attend the sale

without a sufficient reason therefor, and then ask that the sale be set aside because of his absence and because the property for that reason was sold at an inadequate price. He must exercise all reasonable diligence himself to make the property bring a fair and reasonable price, or he will be remediless." (See also *Northrop v. Cooper,* 23 Kas. 433; *Wallace v. Berger,* 25 Iowa, 456; *Cowdin v. Cowdin,* 31 Kas. 528.)

There was no fraud and no irregularity in the present case; and while it cannot be claimed that J. B. Watkins, the purchaser, was absolutely a stranger to all the proceedings in the case, yet he was no party to the suit, and had no interest in the judgment.

The defendants seem to rely upon the case of *Dewey v. Linscott,* 20 Kas. 684; but that case has but little application to this. In that case, the property was worth about $800, and it was sold for only $50; and in that case the plaintiff, who asked to have the sale set aside, intended to be present at the sale, through his agent, and see that the property was sold at an adequate price; but unexpectedly, and without fault or negligence on the part of either the plaintiff or his agent, his agent was *prevented* from attending the sale by *judicial process;* and the property was sold at a grossly inadequate price. That is not the present case. Here, the defendants, who ask that the sale be set aside, were at fault in not paying the note and mortgage, in not paying the judgment against them or any part thereof, or even tendering anything, and in not attending the sale and attempting to make the property sell at its full value.

We think that the motion made by the plaintiff to confirm the sale, and the motion made by the plaintiff and Watkins to permit Watkins to increase his bid up to the amount of the judgment, and have the same credited on the judgment, should both be sustained, and the motion of the defendants to set aside the sale should be overruled; and, for the purpose that these things may be done, the rulings and orders of the court below upon these motions will be reversed, and the cause remanded.

All the Justices concurring.