## W. B. HAM *et al.* v. CHARLES PETERSON.

SHERIFF'S SALE, *Set Aside—Error, Not Apparent, When.* Where a trial court sets aside a sale of real estate made upon execution, upon condition that the judgment-debtor pay the judgment and costs upon which the execution issued, and where it is not shown that such order was made alone by reason of such condition, and the record does not contain a copy of the execution with the officer's return thereon, and no statement is made in such record that the return of said execution was duly made, and that the same was regular, *held*, in the absence of such showing, this court cannot say that the sale and return were in all respects regular, or that the trial court erred in setting aside the sale.

*Error from Rooks District Court.*

ON December 7, 1885, I. Weil & Co. obtained a judgment in their favor against Charles Peterson for $249.80, and costs. Afterward, an abstract of the judgment was duly filed in the office of the clerk of the district court in Rooks county.   On February 25, 1886, an execution was issued by said clerk, and directed to the sheriff of said county; and on March 15, 1886, the sheriff levied the execution upon the town lots in question, and they were appraised, advertised, and on April 24, 1886, sold at public auction to one Peter Peterson.   On April 26th the sheriff made return that he had sold the lots to Peter Peterson, and Peterson having failed to satisfy the sale, the execution was returned as of no sale.   On April 30, 1886, the clerk of the district court issued an *alias* execution directed to the sheriff of said county, which execution was on the 4th day of May levied upon the lots in controversy, and

they were appraised, advertised, and, on June 12th, sold at public auction to one Wickham, who immediately thereafter assigned said sale to W. B. Ham, who was substituted for Wickham. Thereafter both *Charles Peterson* and *W. B. Ham*, respectively, filed their motions to confirm said sales made on the 24th day of April and on the 12th day of June. On July 23, 1886, said motions came on to be heard, and after due consideration the court, upon condition that the defendant Charles Peterson pay into court for the use of I. Weil & Co. the full amount of their judgment and costs, which condition was by the said Charles Peterson agreed to, then and there refused to confirm either of said sales, and ordered that both be set aside and held for naught; to which rulings Ham duly excepted, and brings them here for review.

*C. W. Smith,* and *W. B. Ham,* for plaintiff in error.

Opinion by CLOGSTON, C.: This is a proceeding to review an order of the district court of Rooks county in refusing to confirm a sale made upon execution of certain town lots in Rooks county, purchased by W. B. Ham at said execution sale. The record presents the controversy between the purchasers, Peter Peterson and W. B. Ham, which relates solely to the regularity of the proceedings of the first sale and the right of the sheriff to cancel said sale for the non-payment of the purchase-money. While that proceeding is incorporated in the record, yet no complaint is made of the ruling of the court setting aside the sale to Peterson and refusing to confirm such sale, and sustaining the action of the sheriff. Why that was incorporated in the record we do not know. A sale was made to Peterson; he failed to pay the sheriff the purchase-money, and for that reason it was set aside by the sheriff, and the court refused to confirm the sale. This was a matter of which Peterson might complain. The second sale, and the one of which W. B. Ham, the plaintiff in error, complains, seems to have been regular. The execution was duly issued, was duly levied, the property duly appraised, advertised and sold; after which

the record is silent. The execution and its return are not incorporated in the record. While the court made terms with the judgment debtor that he was to pay into court the amount of the judgment and costs, yet the record does not disclose that for that reason alone the court refused to confirm the sale to Ham. The return of the officer on the execution may have been so defective that the court was justified in refusing to confirm it. If that execution was duly returned showing the sale and proceedings to have been regular, then it was the duty of the court to confirm the sale, and it had no arbitrary right or power to set it aside. (*N. E. M. S. Co. v. Smith*, 25 Kas. 622.) But in the absence of any showing of what the return contained, we cannot say that the court committed an error in refusing to confirm the sale.

We therefore recommend that the ruling of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.