STATE ex rel. BELL, Appellant, *v.* McCULLOUGH, County Treasurer, Respondent.

(No 6,518.)

(Submitted June 24, 1929. Decided July 10, 1929.)

[279 Pac. 246.]

*Mr. C. A. Spaulding,* for Appellant, submitted a brief and argued the cause orally.

*Mr. M. H. Parker,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On January 15, 1925, certain mining claims, together with the improvements and machinery, situated in Jefferson county, were sold to the county for 1924 taxes, and a certificate of sale was regularly issued. Thereafter, on the third day of October, 1928, the county, for a valuable consideration, sold and transferred such certificate of sale to relator. Subsequently relator gave notice of his intention to apply for a tax

deed, specifying: "the time for redemption will expire on the 13th day of November, 1928, and that F. M. Bell * * * will apply to the county treasurer * * * for a tax deed to said property on the said 13th day of November, 1928." The notice was served, published, and posted, as required by the provisions of section 2209, Revised Codes of 1921.

On November 13 relator filed with the county clerk (section 2209, supra), and tendered to respondent county treasurer, proof of the publication and service of notice (sec. 2212, Id.), and demanded a tax deed. Respondent refused to issue the deed, for the reason that, in his opinion, the owner had the entire day of November 13 within which to redeem. Demand was again made on November 14, and respondent advised relator that the property had been redeemed.

Relator then filed a petition in the district court of Jefferson county for a writ of mandate to compel respondent, as county treasurer, to issue to him a tax deed for the property described in the certificate of tax sale. Respondent answered, denying the material allegations of the petition, and alleged that on the thirteenth day of November, 1928, at about the hour of 10:30 o'clock A. M., the owner of the premises paid, or caused to be paid, all taxes, interest and penalties due, and that respondent then and there issued a certificate of redemption. Issue was joined by reply. After hearing, judgment of dismissal was entered, from which relator appeals.

In addition to the foregoing, the testimony shows that, a a short time after relator demanded a tax deed on November 13, respondent received the following telegram from attorneys representing the owner: "Check of Everett, Clarke and Benedict for arrears of taxes and redemption of property Blue Bird Corbin G. & Smelting Company sent on behalf of that corporation by Everett, Clarke & Benedict as its agents. Affidavit mailed today. Your letter received this morning." On this telegram, and without any money being received by him, respondent paid out of his personal funds, to himself as county treasurer, the sum necessary to effect redemption, and thereupon issued a certificate of redemption, and mailed it to the attorneys above mentioned. By letter of November 12,

and again on November 13, respondent advised relator that the property had been redeemed. Check from the owner's attorneys was received on November 15 or 16, having been mailed in New York City on November 13.

The sole question presented for determination is: Was there a valid redemption of the property described in the tax sale certificate held by relator?

The right to redeem is wholly statutory, and such statutes ▮ are liberally construed; yet the person seeking to redeem must bring himself within their provisions.

"A redemption of the property sold may be made by the owner * * * at any time prior to the giving of the notice and the application for a deed, as provided for in this Act." (Sec. 2201, Rev. Codes 1921.) "Redemption must be made in lawful money. * * * " (Sec. 2202, Id.) Manifestly, there was not a redemption within the meaning of these sections of our statutes, unless the acts of respondent effected a redemption.

Public offices are created in the interest and for the benefit ▮ of the public; such, at least, is the theory upon which statutes creating them are enacted and justified. (*Dolan* v. *Mayor*, 68 N. Y. 274, 23 Am. Rep. 168.) An officer cannot lawfully act as the agent of one person where the private agency would come in conflict with his official duties. (*Knight* v. *Herrin*, 48 Me. 533; *Payson* v. *Hall*, 30 Me. 319; *Pierce* v. *Benjamin*, 14 Pick. (Mass.) 356, 25 Am. Dec. 396.) "In the discharge of his duties the officer must be disinterested and impartial, and he cannot at the same time act in his official capacity and as the agent of one of the public whose interests are adverse to those of another." (46 C. J. 1038.) The law permits no such relationship; to act for one of the parties implies an interest adverse to the other. (*Knight* v. *Herrin*, supra.)

Here relator had a valuable property right; his interests and those of the owner of the property were in conflict. Respondent was required to act as a disinterested and impartial public official. In advancing his personal funds to effect redemption, he became the agent or representative of the owner

of the property. His official duties came into direct conflict with the acts performed for the owner, and were inconsistent with the faithful performance of his statutory obligation. We are of opinion that respondent's conduct, although done in good faith, was a clear violation of his official duty.

For the foregoing reasons the judgment is reversed, and the cause remanded to the district court, with direction to enter an order directing respondent, as county treasurer of Jefferson county, to issue to relator, upon proper application, a tax deed covering the property described in the tax sale certificate held by him.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.