[Civil No. 272.   Filed July 8, 1889.]

[22 Pac. 383.]

## THE DIRECTORS OF THE INSANE ASYLUM OF ARIZONA, Petitioners, v. LEWIS WOLFLY, Governor of Arizona, Respondent.

1. MANDAMUS—AGAINST GOVERNOR.—*Mandamus* is a civil remedy for the protection of purely civil rights, and will not lie, at the instance of officials of a branch of the executive department, to compel the governor to perform a public duty.

*Mandamus.* Original application. Writ denied.

The facts are stated in the opinion.

Goodrich & Street, for Petitioners.

Clark Churchill, Attorney-General, for Respondent.

BARNES, J.—It will be conceded that the governor, the head of the executive department of the government, is not amenable to the judicial department by *mandamus,* to direct him in the exercise of any of the powers intrusted to him as such, whatever the degree or character of the discretion imposed upon him. The executive and judicial departments have separate and distinct functions, clearly marked out, and each

is independent of the other. The authority to direct the governor by *mandamus* is denied by very high authority, and the difficulty of the enforcement of the writ has been suggested with great force. The court ought not to issue the writ unless it is prepared to enforce it. Without the means of enforcement the writ would be idle; yet to enforce it might deprive the territory of the executive, and public safety be jeopardized. *Low* v. *Towns,* 8 Ga. 360; *Hawkins* v. *Governor,* 1 Ark. 570, 33 Am. Dec. 346, note. The right to direct the governor has been limited to the performance of a mere ministerial duty, where such an act has been required of him by law, and where the act is such a one as might have been imposed upon any other person, and to enforce a vested private right. This was the limit in the case of *Kendall* v. *United States,* 12 Pet. 524. Even in questions affecting private right, if the final decision is with the executive, and the act is a public act, he is independent. *People* v. *Bissell,* 19 Ill. 229, 68 Am. Dec. 591; *State* v. *Chase,* 5 Ohio St. 535; *Chamberlain* v. *Sibley,* 4 Minn. 312, (Gil. 228); *Harpending* v. *Haight,* 39 Cal. 189, 2 Am. Rep. 432; *People* v. *Hatch,* 33 Ill. 9; *Marbury* v. *Madison,* 1 Cranch, 170. In the latter case the chief justice declared: "It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done, that the propriety or impropriety of issuing a *mandamus* is to be determined. Where the head of a department acts in a case in which executive discretion is to be exercised, in which he is the mere organ of executive will, it is again repeated that any application to a court to control in any respect his conduct would be rejected without hesitation. But where he is directed by law to do a certain act affecting the absolute rights of individuals, in the performance of which he is not placed under the particular direction of the president, and the performance of which the president cannot lawfully forbid, the writ may issue."

Here is an application by trustees of one of the territorial charities,—the insane asylum,—a branch of the executive department, and whose commission they hold as authority for the public duties they perform, seeking to *mandamus* the executive to perform a public duty. They have no personal vested rights. They ask as officers, not as individuals. No

authority can be found where *mandamus* has been issued against a governor of a state or territory in such a case. It is a civil remedy for the protection of purely civil rights. High's Extraordinary Remedies, secs. 118, 430 et seq., and cases cited; *People* v. *University,* 4 Mich. 98. The act which is sought to be enforced upon the governor in this case is one that is included in the inherent functions of his office. He is the official head of the executive department of the territory, and, as such, the territorial, penal, and charitable institutions are subordinate to him. These trustees hold his commission, and he must see that the laws are faithfully executed by them. One of the means of doing so is to be found in the act sought to be enforced in this case. With it the courts have nothing to do, as the governor must take the responsibility, and it cannot by him or against him be shifted upon the judicial department. The writ is denied.

Wright, C. J., concurs, and will add his views.

Porter, J., dissents, and will add his views.