## No. 11,961.

RUTH v. DEVANY, ET AL.

Decided October 22, 1928.

Mr. John J. White, for plaintiff in error.

Messrs. Doud & Walker, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

J. P. Ruth, the plaintiff in error, sued Mary E. Devany, as county treasurer, and others, to set aside a redemption from tax sale, and to cancel the redemption certificate. The judgment was for the defendants.

Certain mining property was owned by The Consolidated Seaton Mountain Mining Company. In 1900 the corporate existence of that company expired by lapse of time. The Seaton Mines Corporation was organized about July 25, 1914. On October 9 of that year the surviving members of the board of directors of the former corporation, acting under statutory power (C. L., § 2295), deeded the mining property to The Seaton Mines Corporation. On November 21, 1921, the mining property was sold for delinquent taxes, the county being the purchaser. On October 24, 1922, the secretary of state, acting pursuant to section 2317 of the Compiled Laws, declared The Seaton Mines Corporation defunct and inoperative. At that time the board of directors of the company consisted of W. F. Hayden, A. L. Doud, A. B.

Wrisley, John R. McEwan and John R. Smith, who are defendants in this action, and L. A. Hayden, since deceased. On June 3, 1925, the county treasurer, acting under resolution of the board of county commissioners, assigned the tax certificate to the plaintiff, J. P. Ruth. On September 17, 1925, the defendant directors redeemed the property from the tax sale. To make the redemption, they used $100 that remained in the treasury of The Seaton Mines Corporation, and made up the balance by a loan to the company. The redemption certificate named The Consolidated Seaton Mountain Mining Company as the one redeeming.

1. The plaintiff claims that the redemption was made by persons not entitled to redeem. That is the only substantial question presented for our consideration.

Section 2317 of the Compiled Laws provides:

"If any corporation has, or shall hereafter fail, for a period of five (5) years to pay the annual state corporation license tax, and other fees required by law, or to make any report the statutes require, the secretary of state shall prepare a list of such corporations and shall publish the same in this state in a newspaper of general circulation in the county where the principal office of the company is located for one issue. And upon said publication being completed, a proof of publication being filed thereof with the secretary of state by such newspaper, said corporation shall thereupon be deemed defunct and inoperative and no longer competent to transact business within the state of Colorado. * * *

"Provided, that any such defunct corporations upon the payment of all such delinquent taxes and fees and an additional fee of five dollars ($5.00) for a certificate of reinstatement, * * * shall thereupon become reinstated, revived and operative."

By virtue of this provision and the action of the secretary of state, the right of The Seaton Mines Corporation to transact business was suspended; but neither the payment of taxes nor the payment of redemption

money comes within the prohibition of the statute. Payment of taxes is merely a payment of one's share of the expenses of carrying on the government. While such payment is commonly thought of as a burdensome duty, it also is a right; and the statute was not intended to relieve a delinquent corporation of that duty, or to deprive it of that right. Redeeming property from tax sale is, in effect, an indirect way of paying the taxes, by reimbursing the one who advanced the money—a proceeding that is not forbidden by the statute. The defendants, as directors of the corporation, had a right to redeem the property from the sale. Such redemption inured directly to the benefit of the corporation, and indirectly to the benefit of its stockholders, and also indirectly to the benefit of its creditors, if any. The corporation, later on, may be able to raise the money necessary to secure, and may secure, its reinstatement; in which event it will be necessary for it to have this mining property in order to conduct its business. If it never becomes reinstated, its property eventually must be sold, its debts paid out of the proceeds, and the remainder of the proceeds distributed among its stockholders. During the period of its disability, or suspension, its directors, occupying, as they do, a position of trust, have the right to pay taxes levied upon its property, and to redeem its property from tax sale, so as to preserve the corporate assets for the benefit of all concerned.

2. The fact that the county treasurer inserted in the redemption certificate the name of The Consolidated Seaton Mountain Mining Company, does not concern the plaintiff.

3. There is one point suggested by counsel for the plaintiff that merits but scant consideration. He says that at the time of the attempted conveyance of the property to The Seaton Mines Corporation that company was, and for some two years had been, defunct. The argument is this: On October 24, 1922, that company was declared defunct; in paragraph 2 of the answer the de-

fendants allege that the conveyance was made October 9, 1924; therefore, at the time of the conveyance there was no corporation authorized to take title to the property. The year 1924, found in the answer, was a clerical mistake for 1914. This clearly appears from the context. The paragraph opens with the allegation that the title of the property was in Wrisley and Boyd, Trustees, "on or about the 9th day of October, 1914." In the same paragraph it is alleged "that at the time the said Seaton Mines Corporation became defunct and inoperative, as above set forth [which was in 1922] it, the said corporation, was the owner of said mining claims." This allegation is not denied in the replication. It, therefore, stands admitted that The Seaton Mines Corporation, at the time it became defunct, was the owner of the mining claims. This point was not suggested to the trial court; if it had been, a correction of the date would have followed as a matter of course. All are liable to make mistakes of this kind. That the plaintiff himself is not exempt from the common failing, is evidenced by this allegation in his complaint: "That on the *fourth* day of *June,* A. D. *1925,* when the plaintiff made application for said tax deed for said property to said defendant, more than *three years* had then elapsed and expired *after November 21,* A. D. *1925,* when said property was sold for taxes and the tax certificates, aforesaid, issued therefor." Such mistakes, obviously clerical, are not permitted to defeat the substantial rights of litigants.

The judgment is affirmed.

MR. JUSTICE WALKER, having been of counsel for the defendants in error, did not participate in the decision.