### STENTOR ELECTRIC MFG. CO. v. KLAXON CO.

District Court, D. Delaware.
April 13, 1938.

Clarence A. Southerland and Paul Leahy (of Ward & Gray), all of Wilmington, Del., for plaintiff.

Hugh M. Morris and Ivan Culbertson, both of Wilmington, Del., for defendant.

NIELDS, District Judge.

June 1, 1929, plaintiff brought this action on a license agreement made between the parties May 20, 1918. The agreement provides, inter alia, that defendant shall exploit certain patents and shall pay certain royalties to plaintiff under patent licenses granted by plaintiff to defendant. Payment of such royalties was to continue throughout the life of the patents, namely, until September 29, 1931. The breaches of the licenses for which plaintiff sues are alleged in these words: " * * * the said defendant, did not use, and at no time thereafter has used, its best efforts to further the manufacture and sale of the articles covered by said contract, and did not maintain, and at no time thereafter has maintained, an efficient organization for the manufacture and sale of said articles, but on the contrary thereof has wholly failed so to do; whereby and as a result whereof the said plaintiff has been and is deprived of large sums of money as royalties which would otherwise have been received by the said plaintiff under the said contract, and whereby the value of said patents and the value of the royalties reserved under said contract has been and is greatly lessened and depreciated, and has been and is wholly destroyed; to the damage of the said plaintiff," etc.

Defendant pleaded in abatement "that the said plaintiff was, by voluntary action, dissolved as a corporation created by and existing under and pursuant to the laws of the State of New York, a certificate of dissolution having been filed in the Office of the Secretary of State, Division of Corporations, of the said State of New York, on or about May 26, 1919, approximately ten years prior to the institution of the within cause of action, the said plaintiff being therefore without legal capacity to institute or maintain the within cause of action, and this it, the said defendant, is ready to verify; * * *."

The sole issue raised by the demurrer is the legal effect of the dissolution of plaintiff May 26, 1919.

Plaintiff is a New York corporation, and its right to institute and maintain this action is governed by the statutes of New York. Every statute of the state of New York relating to dissolved corporations extends the life of such corporations with power to sue in the corporate name without limitation as to time. This court is bound to take judicial notice of such statutes. Moreover, a decision of the highest appellate court of New York construing such statutes is controlling in a federal court. In a New York Court of Appeals case a corporation defendant had voluntarily dissolved in 1918. In selling its assets it had covenanted that certain premises were free from encumbrances. Ten years after dissolution the corporation was sued in its own name for breach of this covenant. The court held under the New York statutes that the corporation could be sued. City of New York v. New York South Brooklyn Ferry & Steam Transportation Co., 231 N. Y. 18, 131 N.E. 554, 16 A.L.R. 1059.

There is no plea of a statute of limitations in the case at bar. There is no limitation of time in the New York statutes relating to dissolved corporations within which actions in liquidating their affairs must be brought by or against them. In the New York Case, cited above, action was brought ten years after dissolution. Moreover, there is no statute of limitations of Delaware limiting actions based upon specialties like the license agreement in this case.

The plea in abatement is without merit, and the demurrer thereto must be sustained.