STENSVAD, Appellant, *v.* OTTMAN et al., Respondents.

No. 8884

Submitted May 10, 1949. Decided July 23, 1949.

208 Pac. (2d) 507

Mr. Ralph J. Anderson, Helena, Mr. G. J. Jeffries, Roundup, and Mr. Albert C. Angstman, Helena, for appellant. Mr. Jeffries and Mr. Angstman argued orally.

Mr. J. M. Watts, Roundup, and Messrs. Pope and Smith, Missoula, for respondents. Mr. Smith argued orally.

MR. JUSTICE METCALF:

The Montana Valley Land Company was incorporated under the laws of Delaware July 17, 1924. On July 26, 1924, it was authorized to do business in the state of Montana. On April 1, 1932, the charter of the Montana Valley Land Company was proclaimed void in Delaware under the provisions of section 105, Rev. Codes of Delaware, 1935, for failure for two consecutive years to pay its Delaware taxes. From 1934 to 1944 the Montana Valley Land Company made no return of its annual net income to the state board of equalization as required by section 2299, R. C. M. 1935, and failed to file the annual reports required by section 145.2, R. C. M. 1935, between July 23, 1929 and June 28, 1945.

On July 21, 1932, certain real estate in Musselshell county, of which the Montana Valley Land Company was the record owner, was sold at a tax sale to Musselshell county. On March 27, 1944, the plaintiff and appellant paid the delinquent taxes due on the land and received from Musselshell county an assignment of its tax sale certificate. On August 8, 1944, the plaintiff published his notice of intention to apply for a tax deed on October 14, 1944, and served a copy of the notice on the Montana Valley Land Company. On October 13, 1944, the Montana Valley Land Company paid to the county treasurer of Musselshell county an amount of money sufficient to redeem the land from the tax sale and a redemption certificate was issued by the county treasurer of Musselshell county. Defendant, Frank C. Ottman, county treasurer of Musselshell county, informed the plaintiff of the redemption of the property and tendered the redemption money to the plaintiff but it was refused.

The plaintiff petitioned for a writ of mandate compelling the county treasurer of Musselshell county to execute a tax deed to the land of the Montana Valley Land Company and to set aside the redemption certificate issued to the defendant, Montana Valley Land Company. The petition for the writ was denied and

judgment dismissing the action was entered. The plaintiff appealed from the judgment.

The Montana Valley Land Company had also failed to pay its taxes for two successive years in Delaware, the state of its domicile. The Delaware law (sec. 105, Rev. Codes, Delaware, 1935) declares that after a corporation's failure to pay franchise taxes for two consecutive years ''the charter of such corporation shall be void, and all powers conferred by law upon such corporation are declared inoperative * * *.'' The Delaware law also provides for the revival of a corporation whose charter has been declared void upon the performance of certain acts. (Sec. 2106, Rev. Codes, Delaware, 1935.) The Montana Valley Land Company on May 12, 1945, obtained a certificate of revival. A certified copy of that certificate together with a copy of the Articles of Incorporation, consent to the laws of Montana, designation of agent, etc., were filed in the office of the secretary of state of Montana in accordance with section 6651, R. C. M. 1935. At the time the corporation redeemed the real property here involved its powers had been declared inoperative and more than 12 years had elapsed since the proclamation of forfeiture had been made in Delaware.

Section 2074, Rev. Codes of Delaware, 1935, provides: ''All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; * * *.''

The question is whether the Montana Valley Land Company more than three years after the proclamation of forfeiture of its charter and before its revival had sufficient life to redeem from a tax sale.

A determination of this question depends upon the law of the

██ domiciliary state of the corporation. Restatement, Conflict of Laws, sec. 158, p. 228; Fidelity Metals Corp. v. Risley, 77 Cal. App. (2d) 377, 175 Pac. (2d) 592; Treemond Co. v. Schering Corp., 122 F. (2d) 702, (C. C. A. (3d) 1941); Stentor Electric Mfg. Co. v. Klaxon Co., D. C., 23 F. Supp. 351; Fletcher Cyc. of Corporations, Vol. 17, sec. 8580, p. 779.

In Harned v. Beacon Hill Real Estate Co., 9 Del. Ch. 411, 84 A. 229, the Delaware corporation's charter had been proclaimed void in 1906 and never reinstated. An action was commenced in 1911 for the appointment of a receiver in order to sell a farm belonging to the corporation for the benefit of the stockholders. Even though more than three years had elapsed the court permitted the corporation to be named as defendant in the suit. The Delaware Supreme Court said: "Even though the corporation named as defendant in the present case had been dissolved, and three years had passed since the dissolution, it nevertheless was sufficiently alive and existent at the time the action below was instituted, *to be the owner of the real estate sought to be sold.*" (Emphasis supplied.) The court then contrasted corporations created under the laws of Delaware with incorporated towns in England. The latter after the expiration of their charter were said to be "not dormant, disabled, or incapable of action merely, but absolutely dissolved, civilly dead, without life or being, and altogether at an end." The Delaware corporation was not defunct, "its active powers, but not its being, are gone. The one is dead, the other is dormant."

"And any property which may not have been disposed of by the company before dissolution, or during the succeeding three years, is not lost, but remains the property of the corporation, so that it may be sold and disposed of for the benefit of its creditors and stockholders." Harned v. Beacon Hill Real Estate Co., supra, was cited and approved on this point in Townsend v. Delaware Glue Co., 12 Del. Ch. 25, 103 A. 576.

In Watts v. Liberty Royalties Corporation, 106 F. (2d) 941, 944, the Circuit Court of Appeals for the Tenth Circuit analyzed the foregoing Delaware statute and concluded that because of

the provisions for reinstatement in the Delaware corporation law, the corporate powers are only suspended during the corporation's dormancy. "So long as a corporation may be reinstated by the payment of delinquent fees and have validated all of its acts that were done while its powers were suspended, the corporation is not dead. Its powers are only in suspension and reinstatement of its charter restores it to all of its powers and validates all of its acts, including the acts done while its charter was suspended."

In Wax v. Riverview Cemetery Co., 2 Terry 424, 41 Del. 424, 24 A. (2d) 431, a Delaware court took cognizance of the Circuit Court's decision in Watts v. Liberty Royalties Corporation, supra, and quoted with approval the first sentence of the above excerpt we have quoted. See also Tradesmen's Nat. Bank & Trust Co. v. Johnson, D. C. Md., 54 F. (2d) 367.

Therefore, under the statutes and decisions of Delaware and the federal decisions interpreting the Delaware statutes, a corporation whose charter has been declared void for nonpayment of franchise tax is not completely dead but has sufficient life to be a repository of title to real estate even though a period of more than three years has elapsed.

For like decisions from others states under statutes similar to Delaware's see Watts v. Liberty Royalties Corporation, supra, and the excellent collation in Hibernia Securities Co. v. Morey, 23 Cal. App. (2d) 482, 73 Pac. (2d) 939, which distinguish between statutes declaring corporations dead for all purposes and those providing for reinstatement and revival.

Since the corporation was not dead but only suspended and had sufficient life to be a repository of title, it follows that the corporation could protect that title by the payment of taxes. The Colorado Supreme Court adopted this reasoning in Ruth v. Devany, 84 Colo. 476, 271 Pac. 623, 624. In that case a corporation owned certain mining property. The property was sold to the county for delinquent taxes in 1921. The following year the corporation was declared defunct and inoperative for failure to pay corporation license tax and make the required reports. The

Colorado statute permitted reinstatement after payment of all delinquent taxes and fees and an additional fee of $5.00. The county assigned the tax certificate to the plaintiff in June 1925. In September 1925 the directors of the corporation redeemed the property from tax sale. The redemption certificate named the corporation as the one redeeming. The question was whether the corporation was entitled to redeem. The Colorado court said: "* * * the right of the Seaton Mines Corporation to transact business was suspended; but neither the payment of taxes nor the payment of redemption money comes within the prohibition of the statute. Payment of taxes is merely a payment of one's share of the expenses of carrying on the government. While such payment is commonly thought of as a burdensome duty, it also is a right; and the statute was not intended to relieve a delinquent corporation of that duty, or to deprive it of that right. Redeeming property from tax sale is, in effect, an indirect way of paying the taxes, by reimbursing the one who advanced the money—a proceeding that is not forbidden by the statute. The defendants, as directors of the corporation, had a right to redeem the property from the sale. Such redemption inured directly to the benefit of the corporation, and indirectly to the benefit of its stockholders, and also indirectly to the benefit of its creditors, if any. The corporation, later on, may be able to raise the money necessary to secure, and may secure, its reinstatement; in which event it will be necessary for it to have this mining property in order to conduct its business. If it never becomes reinstated, its property eventually must be sold, its debts paid out of the proceeds, and the remainder of the proceeds distributed among its stockholders. During the period of its disability, or suspension, its directors, occupying, as they do, a position of trust, have the right to pay taxes levied upon its property, and to redeem its property from tax sale, so as to preserve the corporate assets for the benefit of all concerned.

"2. The fact that the county treasurer inserted in the redemption certificate the name of the Consolidated Seaton Mountain Mining Company does not concern the plaintiff."

The cited case was followed in Bokel v. Zitnik, 93 Colo. 565, 27 Pac. (2d) 753.

Under Delaware law the Montana Valley Land Company was not extinct but only dormant. It could hold title and pay taxes to protect that title and redeem from tax sale.

The next question is raised by the plaintiff's contention that the Montana Valley Land Company by its failure to comply with the laws of Montana has lost its statutory right to redeem.

Section 145.6, R. C. M. 1935, provides: "If any foreign corporation shall fail to file such annual report * * * it shall forfeit its right to do business in this state."

Section 6651, R. C. M. 1935, as amended by chapter 31, Laws of 1937, provides: "* * * that any foreign corporation * * * refusing to comply with any and all the laws of Montana relating to the payment of fees or licenses, shall forfeit its right to do business in this state * * *."

The question then is whether the redemption of property from tax sales constitutes doing business in the state of Montana.

The Montana Valley Land Company was regularly admitted to do business in this state and for a period of five years complied with the corporation laws of this state. From 1932 to 1944 the corporation was completely dormant. It was not engaged in any activity whatsoever either in the state of Delaware or in Montana.

When a foreign corporation regularly admitted fails to file an annual report it forfeits its right to do business. But it does not forfeit property legally acquired nor does it lose the right to protect that property. "Nor is a foreign corporation carrying on business in the state merely by holding property therein and in doing things necessary to the care and protection of such property, and to the preservation of the title." 17 Fletcher Cyc. Corp., sec. 8486, p. 527; J. H. Eastman Co. v. Beasley, 285 Mich. 74, 280 N. W. 115; John J. Gamalski Hardware v. Baird, 298 Mich. 662, 299 N. W. 757, 136 A. L. R. 1155.

Thus a foreign corporation that had never qualified under the

territorial statutes of Montana was permitted to pay taxes under protest and to sue and recover the excess taxes illegally collected. Powder River Cattle Co. v. Commissioners of Custer County, 9 Mont. 145, 22 Pac. 383, 384. The court said: "That which is prohibited is the conducting of business; and, when the law is violated, then all 'acts and contracts' in the conduct of business are void. But these acts which are void are the acts and contracts of the corporation. The statute does not mean that a corporation cannot protect its property; does not allow others to confiscate the property of the corporation. If the appellant is correct, if a foreign corporation which has failed to comply with section 442 cannot sue in our courts, then it cannot defend; because the defense of a suit is the 'act' of the corporation to the same extent as is the prosecution of a suit. If it cannot defend, any suit, however unjust, however outrageous, can successfully be maintained against it; for it cannot testify, it cannot interpose an answer, since that would be an act. If it cannot sue, there will be no remedy in its behalf for property stolen from it. The law does not prohibit such a corporation from coming within the limits of our jurisdiction. It merely declares that it shall do no business until it complies with certain requirements. The prohibition applies to its business, which means the carrying out of those purposes for which such corporation was organized."

Uihlein v. Caplice Commercial Co., 39 Mont. 327, 102 Pac. 564, was a case in which the non-complying foreign corporation sought to quiet title in a tract of land within the state. This court held that bringing the quiet title action was not carrying on business in the state nor an attempt to enforce a contract. In Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 944, 25 L. R. A. 543, the Supreme Court of Alabama said: "The care and protection of unused property, or the payment of taxes which are a charge upon the property, and the payment of which is essential to the preservation of the title * * * cannot be deemed the exercise of corporate powers or franchises, nor the trans-

action of business, or any part thereof, for which the company was created and organized.''

A non-complying foreign corporation is not ''doing business'' when it pays taxes. It may sue to collect taxes illegally levied and it may quiet title to its property. If it can pay taxes annually it follows that it can let them go delinquent and have the same rights of redemption as any other taxpayer.

The right to redeem property from tax sale is wholly statutory ▮ and the statutes relating to redemption must be liberally construed. State ex rel. Bell v. McCullough, 85 Mont. 435, 438, 279 Pac. 246, 66 A. L. R. 1033. The liberal construction given the statute is in favor of the right of any owner or any party having an interest therein to redeem. 51 Am. Jur., ''Taxation,'' sec. 1106, p. 959.

A case that has passed squarely on the point is State ex rel. Eaton v. Hirst, 53 Wyo. 163, 79 Pac. (2d) 489, 496. That was also an action in mandamus to compel the issuance of a tax deed. There the Omaha National Bank, a Nebraska corporation, the trustee for the bondholders, and itself a bondholder of another Nebraska corporation, had never qualified to do business in the state of Wyoming. Nevertheless it was held to be entitled to redeem the property on which it held a mortgage from sale for taxes.

The Wyoming court held: ''* * * the mere payment of taxes and, as a logical conclusion therefrom, the redemption of property from tax sale by a foreign corporation in Wyoming would not be the transaction of business within this State within the meaning of our Constitution and the State statutes above cited, even if we were to invoke the extremely strict rule of interpretation in their application.''

The plaintiff distinguishes the case on the ground that the quoted statement is dictum because the Wyoming court based its decision upon two further grounds: (1) That national banks were not required to file an acceptance of the Constitution and otherwise comply with the laws of Wyoming before transacting business within the State; and (2) that the bank in making the

redemption was only acting as a conduit of the money for the individual bondholders.

But this court in Bottomly v. Ford, 117 Mont. 160, 157 Pac. (2d) 108, 112, held: "That which is within the issue, fully argued by counsel and deliberately considered by the court in its opinion, is not dictum. (Citing cases.) Nor does the decision lose its value as a precedent because the case might have been decided on some other ground."

A case is of equal authority upon each of two distinct and sufficient grounds upon which an appellate court bases its decision even though either would have disposed of the case. 14 Am. Jur., "Courts," sec. 84, p. 298, 21 C. J. S., "Courts," sec. 190b, page 314.

An analogous situation is the right of a person under disability to redeem from a tax sale. In such a case it is generally held that such persons may redeem regardless of their inability to contract, etc. See annotation in 65 A. L. R. 582; Mutual Benefit Life Ins. Co. v. Winne, 20 Mont. 20, 49 Pac. 446.

In the recent cases of Lowery v. Garfield County et al., 122 Mont. 571, 208 Pac. (2d) 478, 1 St. Rep. 260; Ross v. First Trust & Savings Bank et al., 123 Mont. 81, 208 Pac. (2d) 490, 2 St. Rep. 36, and Mitchell v. Garfield County et al., 123 Mont. 115, 208 Pac. (2d) 497, 2 St. Rep. 55, This court has affirmed its liberal policy that every opportunity will be given the delinquent owner to redeem from tax sale and every presumption will be raised to prevent a forfeiture of the property. In accord with that equitable rule and with the definition of what constitutes "doing business" as laid down by this court in prior decisions, we conclude that the Montana Valley Land Company had not lost its right to redeem its property from tax sale because of its non-compliance with sections 145.2 and 2299, R. C. M. 1935.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Freebourn and Bottomly, concur.

MR. JUSTICE ANGSTMAN (concurring in part and dissenting in part):

I agree that whether the Montana Valley Land Company could redeem from the tax sale under the facts here presented depends upon the law of the state where the corporation was domiciled, viz., the law of Delaware. Under section 2074, Rev. Codes of Delaware, 1935, dissolved corporations are nevertheless continued for a term of three years "for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established * * *." The fair and necessary implication is that after the three-year period the corporation as such can exercise no powers.

Here the attempted redemption occurred after the three-year period and we must then look to the Delaware statutes to see what the status of the corporation is after the three-year period has elapsed.

Section 2075, Rev. Codes of Delaware of 1935, provides the answer. It reads: "When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either appoint the directors thereof trustees, or appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers

may be continued as long as the Chancellor shall think necessary for the purposes aforesaid.''

It is true as held in the majority opinion that the corporation is not completely dead after its dissolution for the nonpayment of taxes. The corporation, though dissolved, may perform the acts within the three-year period mentioned by section 2074. Thereafter it still has sufficient life to be capable of resuscitation. Sec. 2106, Rev. Codes of Delaware, 1935. But after the three-year period the corporation as such can exercise no rights or powers but can act only through trustees or receivers under section 2075. Such is the holding of the Delaware courts.

In ·Harned v. Beacon Hill Real Estate Company, 9 Del. Ch. 411, 84 A. 229, 235, the court held that a dissolved corporation could not convey property after the three-year period, and in construing the statutes, said: ''While a dissolved corporation is not continued for the purpose of doing the business for which it was created, it is continued in order that, for the period of three years, the corporation itself may settle and close its business, and, if it fails so to do, that thereafter its creditors and stockholders may, by application to the Court of Chancery, secure the appointment of trustees or receivers who shall make a final settlement of the unfinished business of the corporation.''

To the same effect is Townsend v. Delaware Glue Co., 12 Del. Ch. 25, 103 A. 576.

My associates stress Ruth v. Devany, 84 Colo. 476, 271 Pac. 623, as sustaining the conclusion of the trial court. There is language in the opinion that supports the court's conclusion but there was no statute involved in that case which prescribed the powers of the dissolved corporation for a three-year period as here.

Nor does the court point to any statute prescribing how the corporation may act after such dissolution as does section 2075 here involved. The court simply reasoned that since the statute provided that such a corporation had sufficient life so that it could be revived it could act in protecting its property. The

Delaware statute, however, expressly provides how such a corporation may act.

Under the Delaware statutes the dissolved corporation as such could not redeem the property from tax sale after the three-year period had expired. The corporation still had some life after the three-year period but it could act only as the statute prescribes, viz., through trustees or receivers. Creditors and stockholders had their remedy and the seeming hardship is due to their neglect to have trustees or receivers appointed to look after the redemption. To hold otherwise is to defeat the purpose of the statutes. In construing the statutes we should adopt the construction placed upon them by the courts of Delaware and we must keep in mind that the legislative program was to impose a penalty and not to grant a bonus for the non-payment of taxes. It was non-payment of taxes that caused the forfeiture of the charter of the corporation.

I agree that usually a person under disability may redeem from a tax sale. It is generally so provided by statute.

See cases in Annotation of 159 A. L. R. 1467, and 65 A. L. R. 582. But that is a different matter from the situation here where the non-payment of taxes is the very cause for the disability and where the statute prescribes what may be done in behalf of the corporation and by whom during the disability.

I concur in the views of my associates that exercise of the right of redemption is not doing business within the meaning of our statutes.

I do not agree that Lowery v. Garfield County; Ross v. First Trust & Savings Bank and Mitchell v. Garfield County have anything to do with this case or that they reflect a liberal policy as stated in the majority opinion. So far as the Lowery case was concerned the decision does not protect the delinquent owner but favors one who acquired his interest through a $1.00 quitclaim deed long after the Statute of Limitations (Chapter 100, Laws of 1943) had barred any action to question the validity of the tax deed.