140

LAURA E. DUDLEY, as Administrator of the Estate of William Hamilton, Deceased, Plaintiff and Appellant, v. ALMA M. HIGGINS, Madison County, a Body Politic and Corporate, VIOLA SHAW, as County Treasurer of the County of Madison, State of Montana, and BIELENBERG and HIGGINS, Defendants and Respondents.

No. 10407

Submitted October 10, 1962. Decided October 30, 1962.
Rehearing denied November 19, 1962.
375 P.2d 689.

Frank E. Blair, Virginia City, for appellant.

Chester Lloyd Jones, Virginia City, for respondents.

HONORABLE E. GARDNER BROWNLEE, District Judge, sitting in place of MR. JUSTICE DOYLE, delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of Madison County. The stipulated facts disclose that the Bear Gulch Mining Company owned an undivided one-half interest in certain patented mining claims in Madison County. Its interest was assessed upon an assessment separate from the remaining interests owned by the named defendants other than Madison County, all of whom will hereafter be referred to as the respondents. The Bear Gulch Mining Company neglected to make payment of the taxes, and the county, in the usual manner, took a certificate of tax sale which certificate was subsequently assigned to the appellant. One of the named respondents later, but within the statutory time for redemption, paid to the county treasurer all of the moneys due upon the certificate.

Appellant thereupon commenced this action, contending that under the provisions of section 84-4132, R.C.M.1947, the respondent had no right to redeem. That section provides:

"A redemption of the property sold may be made by the owner, or any party having any interest in or lien upon such property * * *."

Appellant contends that the respondent was neither "the owner", a party having "any interest", nor the possessor of "a lien upon such property", and therefore any attempted redemption was improper, and until and unless the proper party sought to redeem, the appellant was entitled to the tax sale certificate and could proceed to obtain a tax deed.

R.C.M.1947, § 93-2829, provides:

"Action by joint-tenant against his cotenant. If any person shall assume and exercise exclusive ownership over, or

take away, destroy, lessen in value, or otherwise injure or abuse any property held in joint tenancy or tenancy in common, the party aggrieved shall have his action for the injury in the same manner as he would have if such joint tenancy or tenancy in common did not exist; provided, that nothing herein contained shall prevent one cotenant or joint-tenant, or any number of cotenants or joint-tenants acting together less than all, from entering on the common property at any point or points not then in the actual occupancy of the non-joining cotenants or joint-tenants, and enjoying all rights of occupancy of the property, without waste; and in the case of mining property, from mining the same in a miner-like manner, and extracting, milling, and disposing of the ore from the common property, paying its or their own expenses, and subject to accounting to the nonjoining cotenant or joint-tenant for the net profits of such mining operations, if any made; and all liens for labor and materials incurred in such mining shall attach only to the undivided interest or interests of the working cotenants or joint-tenants, but nothing herein shall prevent or preclude the cotenant or joint-tenant, not joining in the operation of such mining property, from receiving his, its, or their proportionate share of all ore or ores on the dump, upon payment or tendering payment of the actual cost of mining the same.''

Certainly this section gives a cotenant such as the respondent in this case some interest in the property as a whole in addition to the legal ownerhip of a portion thereof. That interest, so far as a patented mining claim is concerned, may be only a desire that the Bear Gulch Mining Company be the cotenant to whom the redeeming respondent must account or with whom the redeeming respondent must deal to bring about any plans for the future of the property.

The appellant contends that such respondent is a stranger to the title, and therefore not entitled to redeem. But again the question is not ''title'' but ''any interest''. Public

policy favors redemption of tax sales. In Stensvad v. Ottman, 123 Mont. 158, 166, 208 P.2d 507, 511, this court expressed that general policy as follows:

"The right to redeem property from tax sale is wholly statutory and the statutes relating to redemption must be liberally construed. State ex rel. Bell v. McCullough, 85 Mont. 435, 438, 279 P. 246, 66 A.L.R. 1033. The liberal construction given the statute is in favor of the right of any owner or any party having an interest therein to redeem."

The quoted section requires any doubt to be resolved in favor of redemption. Under the provisions of section 93-2829 quoted above, the respondent here has the right to operate the mining property and pay all expenses of such operation and account to the cotenant. Surely, such right must include the payment of taxes. The right to pay taxes before they become delinquent must likewise grant the right to redeem the property.

So far as mining property is concerned, State ex rel. Cole v. District Court, 79 Mont. 1, 254 P. 863, shows the general policy of Montana law regarding maintaining the status quo. There, two members of a mining partnership were permitted to bring a replevin action to recover partnership property even where the owner of the remaining one-third interest objected to such action.

It is therefore the opinion of this court that the respondent has sufficient interest in the property separately assessed to the Bear Gulch Mining Company to permit redemption by her of the property.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.