No. 98-668

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 80

294 Mont. 101

979 P.2d 163

ROSEANNE KNEEDLER,

Plaintiff and Appellant,

v.

LEAGUE WIDE, INC., a Montana

corporation; and JEFFERSON COUNTY,

MONTANA,

Defendants and Respondents.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

Honorable Frank M. Davis, Judge Presiding.


COUNSEL OF RECORD:


For Appellant:


Carl A. Hatch, Small, Hatch, Doubek & Pyfer, Helena, Montana


For Respondents:


Dee Ann Cooney, Utick & Grosfield, Helena, Montana

(Jefferson County)


J. Daniel Hoven and Kimberly L. Towe, Browning, Kaleczyc,

Berry & Hoven, P.C., Helena, Montana (League Wide, Inc.)

No

Submitted on Briefs: April 1, 1999

Decided: April 20, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. In proceedings before the Fifth Judicial District Court, Jefferson County, Roseanne Kneedler (Roseanne), owner of a one-half undivided interest in a property subject to a tax deed, sought to have the tax deed set aside for lack of proper notice. The parties filed cross-motions for summary judgment. The District Court granted defendant Jefferson County's (Jefferson County or the county) motion and dismissed the complaint. We reverse and remand for entry of summary judgment in favor of Roseanne.**

**¶2. The sole issue on appeal is whether the District Court erred in granting Jefferson County's motion for summary judgment as to whether Roseanne was entitled under § 15-18-212, MCA, to notice of the issuance of the county's tax deed.**

## BACKGROUND

¶3. The property at issue in this case is a one-acre parcel of land with a rustic cabin located on a remote mining claim in Jefferson County, approximately five miles from Clancy, Montana. Roseanne owns a one-half undivided interest in the property as a tenant in common with John and Carol Kneedler (John and Carol or the cotenants). The county assesses each tenant's undivided interest separately and sends separate tax notices to each owner for one-half of the taxes assessed on the entire parcel.

¶4. John and Carol failed to pay their portion of the taxes in 1985, and the county sent them a notice of delinquency. Notice of the tax delinquency was not sent to Roseanne. A tax sale was held in September 1986, and Jefferson County was deemed the purchaser of a tax lien against John and Carol's one-half interest in the parcel. The county's tax sale certificate was never assigned. Taxes on the property remained delinquent through 1989.

¶5. In January 1990, the county commissioners directed that a tax deed be issued to Jefferson County for John and Carol's one-half interest in the property. Pursuant to this directive, the county treasurer sent notice to John and Carol that a tax deed would issue for their undivided interest in the property if the tax lien were not redeemed within sixty days. Again, no notice of the impending tax deed was sent to Roseanne.

¶6. A tax deed in favor of Jefferson County was executed in June 1990. In September 1990 and again in October 1990, the county offered its interest in the property for sale at public auction but found no purchaser. Finally, in October 1991, Wide League, Inc. (Wide League), purchased the county's interest in the property and an undivided one-half interest in the parcel was conveyed to Wide League via a deed of county land.

¶7. In April 1995, Roseanne filed this action challenging the validity of the county's tax deed for failure to provide her with proper notice pursuant to § 15-18-212, MCA. Roseanne and Jefferson County filed cross-motions for summary judgment on the issue of whether Roseanne was entitled to notice either as an "interested party" under § 15-18-111, MCA, or alternatively, as the current occupant of the property. The District Court granted the county's motion and dismissed Roseanne's complaint with prejudice. From this ruling, Roseanne appeals.

## DISCUSSION

**¶8. Did the District Court err in granting Jefferson County's motion for summary judgment as to whether Roseanne was entitled under § 15-18-212, MCA, to notice of the issuance of the county's tax deed?**

**¶9. We review a district court order granting summary judgment *de novo* under the same criteria as that used by the district court.** *Albert G. Hoyem Trust v. Galt*, **1998 MT 300, ¶15, 968 P.2d 1135, ¶ 15, 55 St.Rep. 1230, ¶ 15. Under Rule 56(c), M.R.Civ. P., summary judgment is proper only when the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show no genuine issues of material fact exist and when the moving party is entitled to judgment as a matter of law.** *Schmidt v. Washington Contractors Group, Inc*., **1998 MT 194, ¶ 6, 964 P.2d 34, ¶ 6, 55 St.Rep. 814, ¶ 6.**

**¶10. Section 15-18-212, MCA, states in pertinent part that:**

(1) Not more than 60 days prior to and not more than 60 days following the expiration of the redemption period provided in 15-18-111, a notice must be given as follows:

(a) for each property for which there has been issued to the county a tax sale certificate or for which the county is otherwise listed as the purchaser or assignee, the county clerk shall notify all persons considered interested parties in the property and the current occupant of the property, if any, that a tax deed may be issued to the county unless the property tax lien is redeemed prior to the expiration date of the redemption period.

Under § 15-18-111(3), MCA, "an interested party" includes a mortgagee, vendor of a contract for deed or the vendor's successor in interest, lienholder, or other person who has a properly recorded interest in the property.

**¶11. In its order and memorandum dismissing Roseanne's complaint, the District Court concluded that Roseanne lacked standing to challenge Jefferson County's tax deed because she did not qualify as an "interested party" under § 15-18-111, MCA, nor as a current occupant of the property. The District Court reasoned that, although the property was held in cotenancy, Roseanne was not an interested party as to that portion of the property belonging to John and Carol because the taxes on each undivided interest had been assessed separately. The District Court concluded that the fact that each interest had been assessed separately was sufficient to distinguish this case from earlier cases in which we held that where property is held**

in cotenancy, notice of issuance of a tax deed must be served upon every individual co-owner. *See Long v. Dillon* (1984), 208 Mont. 490, 679 P.2d 772; *Kerr v. Small* (1941), 112 Mont. 490, 117 P.2d 271; *Fariss v. Anaconda Copper Mining Co.* (D. Mont. 1940), 31 F. Supp. 571. As support for its conclusion that notice to cotenants is not required where each tenant's interest has been taxed separately, the District Court relied upon the rationale adopted by the courts of Colorado and Kansas in *Jennings v. Bradfield* (Colo. 1969), 454 P.2d 81, 82, and *Jesberg v. Klinger* (Kan. 1961), 358 P.2d 770, 776.

¶12. As an initial matter, we note that the rationale adopted in *Jennings* and *Jesberg* is not the law in Montana. In *Dudley v. Higgins* (1962), 141 Mont. 140, 375 P.2d 689, we held that a cotenant is an interested party with the right to redeem property subject to a tax lien even where the individual property interests have been assessed separately for tax purposes. Although *Dudley* dealt with a one-half interest in a patented mining claim rather than a cotenancy in real property, the redemption statute at issue in *Dudley* was the predecessor statute to § 15-18-111, MCA, from which Roseanne's redemption rights are derived.[1] Both statutes employ language which permits redemption by persons with an interest in the subject property.

¶13. In concluding that a cotenant possesses redemption rights notwithstanding that each ownership interest has been separately assessed, the *Dudley* court reasoned that a cotenant has "some interest in the property as a whole in addition to the legal ownership of a portion thereof. That interest . . . may be only a desire that the [current cotenant] be the cotenant to whom the redeeming respondent must account or with whom the redeeming respondent must deal to bring about any plans for the future of the property." *Dudley*, 141 Mont. at 142, 375 P.2d at 691. Because the reasoning set forth in *Dudley* is fully consistent with the current application of § 15-18-111, MCA, the District Court's reliance on contrary conclusions by the Colorado and Kansas courts was in error.

¶14. More importantly, however, the District Court failed to address whether the county's separate assessment of each undivided interest in this parcel was proper in the first instance. Our review of the applicable statutory provisions reveals nothing which would permit or authorize a county to tax an undivided interest in a jointly owned piece of property separately from the interests of the other cotenants. To the contrary, § 15-8-307, MCA, specifically requires that "land must be assessed in parcels or subdivisions not exceeding 640 acres." There are some exceptions to the

general rule that land be assessed in parcels--for example, § 15-8-511, MCA, provides that each unit of a condominium may be assessed separately as a parcel of real estate according to each owner's percentage of undivided interest in the entire project--but we can discover no statutory basis to support Jefferson County's practice of separately assessing individually owned but undivided interests in real property.

¶15. Not only is there no express statutory authorization for the manner in which the county conducted its assessment, but this form of assessment infringes upon the rights normally afforded to tenants of jointly owned property. A cotenant's right to pay expenses associated with commonly owned property includes the right to pay taxes before they become delinquent. *See Dudley,* 141 Mont. at 143, 375 P.2d at 691. "Under well-known principles of law, payment of the taxes by any one of tenants in common during the time of the cotenancy is considered payment of the taxes by all cotenants." Miller v. Murphy (1946), 119 Mont. 393, 414, 175 P.2d 182, 193.

¶16. For the reasons stated above, we hold that the District Court erred in granting Jefferson County's motion for summary judgment and dismissing Roseanne's complaint for lack of standing under § 15-18-212, MCA. As co-owner of the property, Roseanne was entitled to notice of the issuance of the tax deed, and her right of redemption of this property continues indefinitely until such notice is given. Section 15-18-111, MCA. Jefferson County's failure to provide Roseanne with proper notice deprived the county of jurisdiction to issue a tax deed and renders the existing tax deed utterly void. *Isern v. Summerfield*, 1998 MT 45, ¶ 28, 287 Mont. 461, ¶ 28, 956 P.2d 28, ¶ 28.

¶17. Because our holding with regard to Roseanne's right to notice as a cotenant of the property is dispositive in this case, we decline to address whether Roseanne qualified as a current occupant of the property for notice purposes.

¶18. We reverse the District Court's summary judgment in favor of Jefferson County and order that summary judgment be entered in this matter in favor of Roseanne.

/S/ J. A. TURNAGE

We concur:

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

1. [1]84-4132 R.C.M. 1947, as cited in *Dudley*, stated: "A redemption of the property sold may be made by the owner, or any party having any interest in or lien upon such property . . . ." This statute was recodified in nearly identical form at § 15-18-101, MCA, in 1978. Section 15-18-101, MCA, was subsequently repealed in 1987 and replaced with § 15-18-111, MCA.