No. 99-453

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 162

300 Mont. 278

3 P. 3d 647

GERALD S. DITTO and MARJORIE DITTO,

Plaintiffs and Respondents,

v.

DEAN KIPP, CHERYL KIPP, DAVID CARSON,

HOLLY CARSON, ASSOCIATES FINANCIAL

SERVICES COMPANY OF MONTANA, INC.,

FIRST MONTANA TITLE OF HELENA,

LEWIS AND CLARK COUNTY, MONTANA,

and JOHN DOES 1 THROUGH 10,

Defendants and Appellants.

DAVID CARSON and HOLLY CARSON,

Counterclaimants and Appellants,

v.

GERALD S. DITTO and MARJORIE DITTO,

Counterdefendants and Respondents.

DAVID CARSON and HOLLY CARSON,

Cross-claimants,

v.

DEAN KIPP, CHERYL KIPP, DAVID CARSON,

HOLLY CARSON, ASSOCIATES FINANCIAL

SERVICES COMPANY OF MONTANA, INC.,

FIRST MONTANA TITLE COMPANY OF

HELENA, LEWIS AND CLARK COUNTY,

MONTANA and JOHN DOES 1 THROUGH 10,

Cross-defendants.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Robert T. Cummins, Attorney at Law, Helena, Montana

For Respondents:

John H. Grant, Jackson, Murdo, Grant & McFarland, P.C.,

Helena, Montana

Submitted on Briefs: March 9, 2000

Decided: June 20, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 David and Holly Carson appeal from the Order on Motion for Summary Judgment issued by the First Judicial District Court, Lewis and Clark County. We affirm.

¶2 The Carsons raise the following issue: Whether the District Court erred in granting partial summary judgment in favor of the Dittos?

## BACKGROUND

¶3 On June 28, 1991, Rosemary Sewell entered into a Contract for Sale of Cabin with Dean and Cheryl Kipp. Sewell agreed to sell and assign to the Kipps property described as a "cabin, all structures and improvements as well as the leasehold on the property known and described as Canyon Ferry Cabin Site #92." The parties also entered into a Security Agreement with respect to both the cabin and the leasehold, and a Financing Statement was filed with the Secretary of State on July 3, 1991.

¶4 On January 26, 1994, Sewell assigned her interest in the contract for sale to Gerald and Marjorie Ditto. On February 15, 1994, a Notice of Assignment of Vendor's Interest Under Contract for Sale of Cabin reflecting Sewell's assignment of her interest in the contract for sale to the Dittos was filed with the Clerk and Recorder of Lewis and Clark County. The Dittos filed a Financing Statement with the Clerk and Recorder of Lewis and Clark County on March 22, 1994. Another Financing Statement was filed with the Clerk and Recorder on July 8, 1996.

¶5 Kipps defaulted on their payments on the contract for sale and failed to pay property taxes on the cabin. According to the tax deed issued on October 21, 1997, Lewis and Clark County attached a property tax lien to the property because of unpaid taxes. A certificate of tax sale was issued to Lewis and Clark County. The County assigned the certificate to the Carsons who purchased the property tax lien by paying the property taxes owed and

mailed notice of the pending tax deed to various interested parties, but not to the Dittos. The Carsons also published notice of the pending tax deed. On October 21, 1997, the County issued a tax deed to David and Holly Carson.

¶6 On May 21, 1998, the Dittos filed a complaint in the First Judicial District Court, Lewis and Clark County, alleging, *inter alia*, that the Kipps had defaulted on the contract for sale and seeking to repossess the collateral, and also contending that the Carsons' notice of the issuance of a tax deed was insufficient because Dittos did not receive notice by certified mail. The Kipps failed to appear and the court issued a default judgment against them on July 13, 1998. On February 8, 1999, the Dittos filed a Motion for Summary Judgment. The parties briefed the motion and the court heard oral argument on April 14, 1999. On July 9, 1999, the District Court granted partial summary judgment in favor of the Dittos, concluding that the tax deed issued by Lewis and Clark County to the Carsons was void because the Dittos were entitled to, but did not receive, notice of the issuance of the pending tax deed pursuant to § 15-18-212(1), MCA. The Carsons appeal.

## STANDARD OF REVIEW

¶7 We review a district court order granting summary judgment *de novo* applying the same evaluation as the district court pursuant to Rule 56, M.R.Civ.P. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).*

## DISCUSSION

¶8 Whether the District Court erred in granting partial summary judgment in favor of the Dittos?

¶9 The District Court concluded that the Dittos' interest in the cabin and leasehold were properly recorded and, as a result, they were entitled as "interested parties" to notice of the pending issuance of the tax deed pursuant to § 15-18-212(1), MCA. The court held that the tax deed issued by Lewis and Clark County to the Carsons was void because the Dittos did not receive notice of its issuance.

¶10 On appeal, the Carsons contend that the Dittos were not entitled to notice of the tax deed by certified mail as required under § 15-18-212, MCA, because they failed to file their claimed secured interest in the cabin with the proper filing authority to secure their interest under the Uniform Commercial Code. The Carsons' argument is as follows. The original seller, Sewell, filed a UCC financing statement with the Secretary of State with an expiration date of July 3, 1996. Sewell assigned this security interest to the Dittos, but the Dittos never renewed the financing statement. Instead, the Dittos erroneously filed UCC financing statements with the Clerk and Recorder of Lewis and Clark County. Accordingly, Sewell's filing, and thus the Dittos' security interest, lapsed. As a result, the Dittos were not interested parties entitled to notice.

¶11 We have previously held that an interested party's right of redemption continues until such time as proper notice is given and that failure to provide proper notice renders a tax deed void. *See Kneedler v. League Wide, Inc.*, 1999 MT 80, ¶ 16, 294 Mont. 101, ¶ 16, 979 P.2d 163, ¶ 16. Section 15-18-212, MCA, requires that the purchaser or assignee of a tax sale certificate notify "all persons considered *interested parties* in the property, if any, that a tax deed will be issued to the purchaser or assignee unless the property tax lien is redeemed prior to the expiration date of the redemption period." (Emphasis added.) In order to comply with this requirement, the purchaser must notify interested parties by certified mail, return receipt requested. Section 15-18-212(4), MCA.

¶12 Whether the Dittos were entitled to notice by certified mail depends on whether they were "interested parties." An interested party for purposes of the tax lien redemption provisions includes a "vendor of a contract for deed or the vendor's successor in interest . . . or other person who has a properly recorded interest in the property" but does not include "[a] person who has an interest in property on which there is a property tax lien but which interest is not properly recorded." Section 15-18-111, MCA. Consequently, the Dittos were entitled to notice if their interest in the cabin and leasehold was "properly recorded."

¶13 The statutory provisions governing the recording of interests in real property are

contained in Title 70, Chapter 21 of the Montana Code. Section 70-21-201(1), MCA, provides that "[a]ny instrument or judgment affecting the title to or possession of real property may be recorded under this part." The contract for sale between Sewell and the Kipps, as well as Sewell's assignment of her interest to the Dittos, affected title to or possession of the cabin and leasehold at issue. For instance, the provisions of the contract for sale include a transfer of possession and a right to repossess on default.

¶14 The issue then becomes whether the cabin and leasehold are "real property." Real property, as defined under Title 70, includes land, that which is "affixed to land," and that which is "incidental or appurtenant to land." Section 70-1-106, MCA. A leasehold interest in land is an estate for years which is classified as an interest in real property. *See* § 70-15-202(3), MCA. The cabin is real property if it is affixed, incidental, or appurtenant to land. "Affixed to land" has been defined as things which are "permanently resting upon [land], as in the case of buildings." Section 70-15-103(3), MCA. Accordingly, an instrument affecting title to or possession of the cabin and leasehold is an interest in real property which may be recorded.

¶15 The remaining issue is whether that interest was *properly* recorded. "Instruments entitled to be recorded must be recorded by the county clerk of the county in which the real property affected thereby is situated." Section 70-21-208, MCA. An instrument is deemed recorded when "being duly acknowledged or proved and certified, it is deposited in the county clerk's office with the proper officer of record." Section 70-21-209, MCA. In order for the Dittos to be "interested parties" who are entitled to notice by certified mail of the issuance of a tax deed, an instrument describing their interest in the cabin and leasehold must have been deposited in the Clerk and Recorder's office of Lewis and Clark County. In this regard, the Dittos refer us to the Notice of Assignment of Vendor's Interest under Contract for Sale of Cabin recorded by the Clerk and Recorder of Lewis and Clark County on February 15, 1994. This instrument reflects the Dittos' interest as assignees of the vendor's interest in the contract for sale of the cabin and leasehold.

¶16 We conclude that the Dittos' interest in the cabin and leasehold as reflected in the Notice of Assignment of Vendor's Interest under Contract for Sale of Cabin is an interest in real property which was properly deposited in the appropriate county clerk's office pursuant to § 70-21-208 and -209, MCA. Accordingly, the Dittos were interested parties entitled to notice by certified mail pursuant to § 15-18-212, MCA. The Carsons did not notify the Dittos by certified mail of the pending issuance of the tax deed. As an interested party entitled to notice, the Dittos' right to redeem the property tax lien on the cabin and

leasehold continues indefinitely until such notice is given. *See Kneedler*, ¶ 16. Furthermore, the tax deed issued by Lewis and Clark County is void for failure to comply with the notice provisions of § 15-18-212, MCA. *See Kneedler*, ¶ 16.

¶17 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART